FELDER v. HALL BROTHERS COMPANY.

Opinion delivered November 15, 1920.

1.  ABATEMENT AND REVIVAL—PREMATURE ACTION.—Where an action was prematurely brought, but that fact did not appear upon the face of the complaint, it should have been pleaded as a defense, and it was error to dismiss the action in the absence of such plea.

2.  FORCIBLE ENTRY AND DETAINER—WRIT OF POSSESSION—DELIVERY
    BOND.—Though Kirby's Dig., § 3868, makes it the duty of a sheriff
    serving a writ of possession to proceed to deliver possession of the
    premises to plaintiff unless bond to retain the premises be given
    by the defendant within five days, execution of such bond by the
    defendant at any time before the defendant is ousted stays fur-
    ther proceedings, and it is the duty of the officer to accept the
    bond if tendered before ouster, even though the specified time
    has expired.

3.  FORCIBLE ENTRY AND DETAINER—REMEDIAL STATUTE—CONSTRUC-
    TION.—Kirby's Dig., § 3638, providing that an officer serving a
    writ of possession shall deliver possession of the premises to
    plaintiff unless bond to retain them shall be given by defendant
    within five days, is a remedial statute and should be liberally
    construed.

Appeal from Lee Circuit Court; *R. D. Smith*, Special
Judge; reversed.

*H. F. Roleson* and *C. W. Norton*, for appellant.

It was error to allow Hall Bros. Company to in-
tervene and become party to the record. Plaintiff was
entitled to try the case as made by the petition and the
sheriff's response. Hall Bros. Company were strangers
to the record, and it was error prejudicial to appellant
to allow them to intervene, as they have no interest and
no proper place in this cause. Plaintiff's action is strictly
against the sheriff.

*Daggett & Daggett* and *Mann & McCulloch*, for ap-
pellees.

1. There was no error in allowing Hall Bros. Com-
pany to intervene and become a party. 33 Ark. 451;
Any one interested may defend in mandamus. 18 R. C.
L. 330; 105 Am. St. R. 117; 15 S. W. 1089. Where the right
is doubtful, mandamus will not issue. 44 Ark. 284; 95
*Id.* 118.

2. The statute is that the sheriff must allow the
defendant *not less* than five days from the time the writ
is served and defendant is summoned to appear, but does
not say that the bond shall be filed not later than five
days from service of the writ.

McCULLOCH, C. J.   This is an action of unlawful detainer instituted by appellant against appellee, a domestic corporation, to recover possession of a farm in Lee County, which appellant leased to appellee for a term of years, and which, according to the allegations of the complaint, appellee was attempting to hold after the expiration of the term of said lease.   It is not alleged in the complaint whether the lease contract was oral or in writing, and the sole allegation on that subject is that appellee obtained possession as tenant of appellant and "unlawfully withholds and detains the possession of said premises * * * after expiration of its tenancy and after lawful demand therefor in writing."

Affidavit and bond for writ of possession were duly filed, and the writ was issued and delivered to the sheriff, who proceeded to execute the writ and the summons by serving same on C. L. Whitted and Charles Brummel as agents of appellee.   Those persons on whom the writ was served signified a desire to retain possession of the premises.   After the expiration of five days, appellee not having given bond as provided by statute for retention of the premises, appellant made demand on the sheriff to oust the occupants under the writ, but, before the sheriff proceeded to do so, appellee gave bond to retain the premises.   Thereupon the sheriff accepted the bond and returned it with the writ, refusing to accede to appellant's demand that the occupants of the premises be ousted.   Appellant then filed a petition to the court to compel the sheriff to oust appellee from the premises. The sheriff responded, setting forth the facts above stated, and on hearing the petition the court overruled it.   Appellant saved his exceptions and prosecuted an appeal from that ruling of the court.

Appellee filed a written motion to dismiss the action on the ground that, according to the provisions of the lease, which is alleged in the motion to be in writing and a copy of which is filed with the motion, the time has not expired and that the action was prematurely

brought. The court sustained the motion and dismissed the action, from which ruling and judgment of the court the appellant prosecuted an appeal. The two appeals have been docketed separately by the clerk of this court.

There are not properly two appeals before us. There is only one action pending between the parties, and the two rulings of the court are both brought up for review on one appeal from the final judgment of the court dismissing the complaint. We therefore treat the two appeals as one and proceed to dispose of the questions involved.

The first question presented is whether or not the court erred in dismissing the action, for, if the court's ruling in that respect was correct, then the matter of the sheriff's refusal to oust appellee under the writ becomes, for obvious reasons, immaterial.

The court erred in sustaining the motion of appellee to dismiss the action. If the action was prematurely brought, that fact did not appear on the face of the complaint, and it should have been pleaded as a defense and disposed of like any other issue. *Files* v. *Reynolds,* 66 Ark. 314; *Forschler* v. *Cash,* 128 Ark. 492.

The court did not err in refusing to order the sheriff to deliver possession of the premises to appellant after appellee gave bond. The statute regulating the proceeding of the sheriff in executing a writ of this kind reads as follows:

"Upon the receipt of such writ and obligation before required, the sheriff or other officer shall forthwith proceed to execute such writ by ejecting from the premises named therein the defendant or any servant, agent or employee, of his or any other person who shall have received or entered into the possession thereof after the issuance of such writ, and by delivering the possession thereof to the plaintiff or his authorized agent, and by summoning the defendant to appear and answer to the action according to the terms of such writ. Provided, if the defendant shall desire to retain possession of such

premises, he shall signify the same to the officer, who shall give the defendant five days in which to execute a bond in an amount equal to the bond given in such action by the plaintiff, with sufficient security to be approved by such officer, conditioned that he will deliver possession of the premises to the plaintiff, if the plaintiff recover in the action, and satisfy any judgment the court may render against him in the action. If such bond be given and delivered as above required, the officer shall leave the possession of such premises with the defendant, and shall return such bond with the writ into court." Kirby's Digest, § 3638.

This statute gives a defendant five days within which to give bond, but the specification of this time is not mandatory as a maximum. It is the duty of the officer to proceed to deliver possession of the premises in controversy to the plaintiff unless bond to retain the premises be given by the defendant within five days; but the execution of the bond at any time before the defendant is ousted stays further proceedings, and it is the duty of the officer to accept the bond if tendered before ouster, even though the specified time has expired.

The statute is remedial and should be liberally construed. *Smith* v. *Packard,* 98 Fed. 793. Its purpose was to give a defendant the right to retain possession during pendency of the action and to afford him a definite period of time within which to give the bond. If the time be extended by the failure of the officer to make final execution of the writ and the bond is given after the period specified, no injury is done to the plaintiff; but if the bond is not given and injury results to the plaintiff by reason of the failure of the officer to finally execute the writ with due expedition, then the officer is liable in damages for such injury. No question of injury arises in this case, however, for appellee gave the bond.

For the error indicated in dismissing the complaint the judgment is reversed and the cause remanded for further proceedings.