## FELDER *v.* HALL BROTHERS COMPANY.

### Opinion delivered December 19, 1921.

1. LANDLORD AND TENANT—COVENANT TO RENEW LEASE.—A lease for a term of eight years which stipulated that the lessees should "have the right to renew this lease for the term of ten years from the expiration thereof," contemplated that the lease should expire at the end of eight years, and that thereafter a new lease might be made for ten years.

2. LANDLORD AND TENANT—RIGHT TO RENEW LEASE.—Where a lease for a term of years stipulated that it might be renewed for a further term, and covenanted that the lessee should keep the fences and improvements in good repair and should deliver the same at the expiration of the lease "in as good condition as the same is now," the lessors had a right to refuse to renew the lease upon the lessee's failure to keep its covenant to maintain the repairs.

Appeal from Lee Circuit Court; *R. J. Williams,* special Judge; reversed.

*H. T. Roleson, R. D. Smith & C. W. Norton,* for appellant.

The use of the words "to renew" in the lease puts it within the line of decisions which requires a new lease. The right to renewal was conditioned on performance by the lessees of their covenants. 134 Ark. 505; 143 Ark. 559; 99 Ark. 193; 93 Ark. 472; 44 Ark. 532.

*Daggett & Daggett,* and *Mann & McCulloch,* for appellees.

140 Ark. 619 holds that the lease expressly states that a new lease shall be executed, or that the additional term shall be on terms not defined and settled by the original

lease, then the provision relative to the additional term will be construed as granting to the lessee the option to extend his term.

Breach of covenant in lease, except covenant to pay rent, is no ground for forfeiture unless lease so provides. 44 Ark. 532; 100 Ark. 565; 135 Ark. 531.

SMITH, J. This is an action of unlawful detainer; and while this is the second appeal in the case (*Felder v. Hall Bros. Co.*, 146 Ark. 94), the opinion in the former appeal has no bearing on the issues now presented for decision.

The litigation arises out of the construction of a lease contract. Omitting formal parts and certain recitals which admittedly have no bearing on the points in issue, the contract reads as follows:

"That the said Jonas Felder and wife hereby lease to said Hall Bros. Co. for a period of eight years beginning January the first, 1912, and terminating Dec. 31, 1919, upon the terms, conditions and stipulations hereinafter set forth, seventy-five acres of land, * * * * known as the Chalmers place.

"(1). Said party of the second part hereby agrees to pay said first parties the sum of five dollars ($5) per annum for each acre of said land, said rent shall be paid on the first of November of each year.

"(2). Said second parties shall have the right to renew this lease for the term of ten years from the expiration hereof.

"(3). Said first parties shall not be required to make any repairs of any kind or character, but said second party shall keep the fences and improvements on said property in good repair, and shall deliver the same at the expiration of this lease in as good condition as the same is now."

At the trial the lessor offered testimony to the effect that the provision in regard to repairs and improvements had not been complied with; and we must assume the testimony would have established that fact,

inasmuch as the court took the view that the contract was a present demise for a period of eighteen years, and that failure to repair and keep up the improvements did not warrant the maintenance of this suit, as the contract had not provided for a forfeiture in case of failure to repair and improve, and directed the jury to return a verdict in favor of the lessees.

Was the court correct in holding the lease contract, set out above, a present demise for a period of eighteen years? and, if not, did the lessees forfeit the right to renew the lease for the additional term, because of their failure to keep the improvements in good repair?

Appellees cite and rely upon the case of *Neal* v. *Harris,* 140 Ark. 619, as supporting the ruling of the court below and as conclusive of the points in issue.

There the clause of the contract construed by the court reads as follows: "Said party of the first part agrees to give party of the second part the refusal of the above place for the years 1919 and 1920, at the above price, $7 per acre."

Our discussion of the subject in that case commenced with the statement that both the textwriters and the adjudicated cases make a distinction between a covenant in a lease for a renewal and a provision therein for an extension of the time, at the option of the lessee, and we said: "In the latter case upon the exercise of the option by the lessee there is granted a present lease for the full term to which it may be extended and not a lease for the lesser period with the privilege of a new lease for the extended term." In support of this proposition we quoted from Underhill on Landlord and Tenant, § 803. In further support of that proposition we also cited 16 R. C. L., § 389, p. 885; Tiffany on Landlord and Tenant, § 218-219, and pp. 1517-1518; Jones on Landlord and Tenant, § 340, and 24 Cyc. 1019.

We said the rule itself is well settled, and the only difficulty is in the application of it to a given lease.

Construing the clause of the lease quoted, we said: "So in the present case no new contract was provided for in the lease itself. The formal covenant of renewal usually provides specifically for the execution of a new lease. The extended term in the lease under consideration was fixed by and was a part of the original lease. When the lessee exercised his option and gave the required notice, the parties were bound for the two additional years."

We think the lease here to be construed is essentially different from the one construed in *Neal* v. *Harris, supra.* There the lease contract provided for the refusal for the additional years at the same price. One definition of the word "refusal," as given in Webster's New International Dictionary, is: "The choice of refusing or taking, especially as to a purchase, as, to give one the refusal of a house," and it was in this sense that the word "refusal" was used in the case of *Neal* v. *Harris.*

Here the language of the parties is that "said second party shall have the right to renew this lease for the term of ten years from the expiration hereof." And we think the natural, usual and ordinary meaning of this language is that the contract was to expire in eight years, but might thereafter be renewed for ten years.

In the case of *Neal* v. *Harris, supra,* there appears, in the paragraph quoted from Underhill on Landlord and Tenant, in support of the proposition that there is a distinction between a covenant in a lease for a renewal and a provision therein for an extension of the term at the option of the lessee, the statement that, "In the absence of an express provision that a new lease is intended to be executed, the presumption is that no new lease is intended, but that the lessee is to continue to hold under the original lease. The lease must clearly and positively show that the making of a new lease was intended. This must appear from the express

language of the parties. The reason for the presumption is the fact that the making of a new lease will involve trouble and expense which should be avoided by the courts, if possible, unless it is very clear that the parties had expressly agreed to incur such trouble and expense.''

But this is stated as a mere presumption, and we did not there recognize the presence or absence of an express provision that a new lease should be written as conclusive of the question. The only comment of this court on that feature of the case was that ''the formal covenant of renewal usually provides specifically for the execution of a new lease.''

This contract will be construed for the purpose of extracting the meaning of the parties, and in doing so we will give the language they have employed its usual, customary and ordinary meaning, as there is nothing about the contract, in its entirety, which indicates that it was otherwise used; and, as so construed, we think it appears that the parties contemplated that a new lease would be made at the end of the eight-year period; and, if such is its meaning, then there is, in the case, no question of presumptions,

In vol. 1, p. 406, Taylor on Landlord and Tenant, it is said: ''Although it is held that an additional term, granted under the covenant to renew, is not a new demise, but an extension of the original term, yet, under the ordinary form of lease, there is a distinction between a stipulation to renew the lease for an additional term and a stipulation to extend it for an additional term, since the former requires the making of a new lease, and the latter does not.''

In 2 Wood on Landlord and Tenant, § 413, p. 942, it is said: ''A covenant by the landlord to renew the lease for a second term, being a contract to give a new lease, does not give the tenant a right at law to retain possession of the premises demised after the expiration of the original term.''

A similar statement of the law appears in 16 R. C. L. at § 392 of the article on Landlord and Tenant. See numerous annotated cases cited in the note to that text.

In 24 Cyc. p. 1007, it is said: "A covenant to renew is a covenant to grant an estate. It is not a present demise (as distinguished from a covenant to extend) so as of itself and alone to continue the tenancy for the renewal period, but calls for a new lease, without which the tenant cannot strictly retain possession as against the lessor in a court of law, by relying merely upon the covenant to renew."

In the case of *Grant* v. *Collins,* 157 Ky. 36, 162 S. W. 539, the headnote reads: "There is a distinction between a stipulation in a lease to renew it for an additional term and one to extend it, in that a stipulation to renew requires the making of a new lease, while one to extend does not." This case is annotated in Ann. Cas. 1915D, page 249.

In the case of *Leavitt* v. *Maykell,* 203 Mass. 506, the lease there construed contained the clause: "It is further agreed, in consideration hereof, that the lessees shall have the privilege and right to renew this lease after its expiration, for the further term of two years, upon the same terms and conditions of this lease." Of this clause the court said: "We are of opinion that the defendant's construction of the quoted clause is correct. It gave the lessees a right to have a renewal of the lease for two years more, but without a formal renewal, or something equivalent to it, it did not extend the term through this additional period. In *Cunningham* v. *Pattee,* 99 Mass. 248-252, the court said of 'renew:' 'The word *ex vi termini,* imports the giving of a new lease like the old one, with the same terms and stipulations and at the same rent and with all the essential covenants.' "

See also *Fair* v. *Hartford Rubber Works,* 111 Atl. 193; *Sheppard* v. *Rosenkrans,* 85 N. W. 199; *Kol-*

*lock* v. *Scribner,* 98 Wis. 104, 73 N. W. 776; *Swank* v.
*St. Paul City Ry. Co.,* 63 N. W. 1088; *Strousse* v. *Bank,*
49 Pac. 260; *Orton* v. *Noonan,* 27 Wis. 272; *Whalen* v.
*Manley,* 69 S. E. 843; *Drake* v. *Board of Education,*
123 A. S. R. 448; *Helena L. & R. Co.* v. *N. P. Ry. Co.,*
186 Pac. 702; *Howell* v. *City of Hamburg Co.,* 131 Pac.
130. Numerous cases, in which the principle under con-
sideration is discussed, are collected in the notes to the
annotated cases of *Crenshaw-Gary Lbr. Co.* v. *Norton*
(72 Sou. 140) L. R. A. 1916-E 1227; *Luthey* v. *Joyce,*
157 N. W. 708, L. R. A. 1916-E 1235; and *Kuhlman* v.
*W. J. Lemp Brewing Co.,* 126 N. W. 1083, 29 L. R. A.
(N. S.) 174.

See also, definitions of the word "renew" in
Words and Phrases.

We conclude, therefore, that the parties did not
contemplate an automatic extension of this lease, but
that it might be thereafter extended for a period of ten
years, if the lessees so desired, unless they had for-
feited their right to this extension.

If, as we have concluded, the lease was not a present
demise for a period of eighteen years, have the lessees
forfeited the right to hold possession of the premises
for an additional term, because of the failure to keep
the improvements in good repair?

A consideration of this feature of the case confirms
us in the correctness of the conclusion we have just
stated. Eight years, of itself, is a lease of more than
ordinary length for farming lands; and eighteen years
is about the lifetime of ordinary farm improvements.
The lease recites that it is "upon the terms, conditions
and stipulations hereinafter set forth." And one of
these terms, conditions and stipulations is that the
lessees "shall keep the fences and improvements on said
property in good repair, and shall deliver the same at
the expiration of this lease in as good condition as the
same is now." It will be observed that the lessees are
not required merely to deliver the premises, at the ex-

piration of the lease, in as good condition as the same were at the time the lease was made, but that it was required that they should be kept in that condition during the continuance of the lease. It is conceded that the lessees paid the rent, but we assume for the purpose of this appeal that they did not keep up the repairs. We think it fair to assume that the parties contemplated there would be no default in this respect if the lessees sought to renew the lease, and that they would not seek to exercise that right if they had failed to keep their covenant to maintain the repairs. The case of *Jones* v. *Epstein,* 134 Ark. 505, is against the assertion of that right by the lessees under the state of this record. See also, the cases of *Hallbrooks* v. *Rosser,* 143 Ark. 559; *Tedstrom* v. *Puddephatt,* 99 Ark. 193; *Berman* v. *Shelby,* 93 Ark. 472; *Buckner* v. *Warren,* 41 Ark. 532; 16 R. C. L. sec. 194 of the article on Landlord and Tenant.

The judgment of the court below will therefore be reversed, and the cause will be remanded for a new trial.