4-8224                                    202 S. W. 2d 767

Opinion delivered June 9, 1947.

Rehearing denied June 30, 1947.

*Barrett & Wheatley*, for appellant.

*H. M. Cooley* and *Ponder & Ponder*, for appellee.

ROBINS, J. Appellants as lessors and appellee as lessee executed a written lease, whereby appellants

leased to appellee a certain tract in Jonesboro, Arkansas, used as a filling station.

The provisions as to term and rental were as follows:

"Term: To have and to hold for the term of five years, from and after the fourteenth day of June, Nine-. teen Hundred Forty-one to June 14, 1946.

"Rental: Lessee agrees to pay the following rent for the premises: $50 per month payable in advance for two years, then $60 per month for the additional three years, with option for renewal of five years, with the understanding that price of rental is fixed at the termination of rent contract as of June 14, 1946."

The lease also contained provisions for maintenance of the property by appellee, and for permitting lessors to have certain parking space on the rented tract.

This suit was instituted against appellee by appellants on July 3, 1946, to recover possession of the property, it being alleged that the appellee was holding over, after termination of lease, without right, and that he had breached the lease in several particulars.

Appellee answered with a general denial, and alleged that he had exercised his option under the lease to retain the property for five years beginning June 14, 1946.

On trial before a jury appellants offered to prove that when the lease was executed there was a discussion between the parties as to rental to be paid on the last five-year optional period, and that it was agreed, because of the uncertainty as to what property values might be at the end of the first five-year term, that the rent for the optional period would not be fixed in the lease, but would be left open for agreement, if the option were exercised, and they also offered to prove acts and statements of the appellee indicating that the interpretation put on the lease by the parties was that the amount of rental for the final five-year period was not fixed in the lease, but was to be agreed upon on the expiration of the

first five years. The court refused to permit this testimony to be introduced, but did allow Dr. Stroud, husband of one of the appellants, to testify that appellee called him a short time before June 14, 1946, and said: "What about renewing my lease? What do you want to charge me for a renewal?", and that appellee was by Dr. Stroud referred to Dr. Lutterloh, husband of the other appellant.

Also admitted was the testimony of Frank Macon, brother of appellee's sub-lessee, who stated that he (the witness) was in charge of the property under appellee from August, 1941, to February, 1944, and from July, 1944, to June 9, 1946, and that witness asked appellee if he was going to renew the lease and appellee said "the thing was going to cost him more than it was worth and he wasn't interested in it and he didn't want it," that appellee said that if he renewed the lease it would cost him more than it was worth.

There was testimony by witnesses for appellants tending to show that appellee breached certain provisions of the lease and that appellants notified appellee that the term of the lease would not be extended for that reason.

At the conclusion of appellants' testimony the court, holding that the lease was unambiguous and that under the terms thereof appellee was entitled to hold the premises for the additional five-year term at a rental of $60 per month, instructed the jury to return a verdict in favor of appellee. From judgment in accordance with the verdict this appeal is prosecuted.

The language of the provision in the lease for renewal for a term of five years is fairly susceptible of two interpretations.

As appellee points out, the recital "with the understanding that price of rental is fixed at the termination of rent contract as of June 14, 1946," may well be construed as meaning that the rental for the additional five-year term "is fixed" or agreed upon as being $60

the same as the rental in force at the end of the first five-year period.

On the other hand, it may be said that the language in dispute meant only that the rental for the additional five years *was to be* "fixed," or agreed upon, at the time of the termination of the first five-year period, and that, if the parties had intended to "fix" the rental for the additional term at $60 they could and would have simply, and without circumlocution, provided in the lease that the rental for the optional period would be $60 per month. If this construction should be sustained it would result in the provision for the option being void for uncertainty. *Beasley* v. *Boren,* 210 Ark. 608, 197 S. W. 2d 287.

The fact that each of these two different interpretations may be urged with plausibility shows that this language is ambiguous.

Therefore the lower court should have admitted the testimony as to the circumstances surrounding the execution of the contract and as to the construction the parties themselves, by their words and actions, put upon it; and should have permitted the jury, upon a consideration of all the competent testimony, to say what was intended by this uncertain language. *Wisconsin & Arkansas Lumber Company* v. *Fitzhugh,* 151 Ark. 81, 235 S. W. 1001; *Agey* v. *Pederson,* 191 Ark. 497, 86 S. W. 2d 930; *Walden* v. *Fallis,* 171 Ark. 11, 283 S. W. 17, 45 A. L. R. 1396; *Bailey* v. *Sutton,* 208 Ark. 184, 185 S. W. 2d 276.

One rule to be observed in construing an ambiguous contract is that "in the interpretation of an agreement, the surrounding circumstances at the time it was made should be considered for the purpose of ascertaining its meaning, but not for the purpose of adding a new and distinct undertaking." 12 Am. Jur. 784. *Arlington Hotel Company* v. *Rector,* 124 Ark. 90, 186 S. W. 622; *Dewey Portland Cement Company* v. *Benton County Lumber Company,* 187 Ark. 917, 63 S. W. 2d 649.

Equally well settled is the rule that, in construing a contract the meaning of which is doubtful, the construction placed thereon by the parties to it, as reflected by their words and acts, must be given consideration. *Kahn* v. *Metz,* 88 Ark. 363, 114 S. W. 911; *Edgar Lumber Co.* v. *Cornie Stave Co.,* 95 Ark. 449, 130 S. W. 452; *Keopple* v. *National Wagonstock Company,* 104 Ark. 466, 149 S. W. 75; *Continental Insurance Company* v. *Harris,* 190 Ark. 1110, 82 S. W. 2d 841.

"In the determination of the meaning of an indefinite or ambiguous contract, the interpretation placed upon the contract by the parties themselves is to be considered by the court and is entitled to great, if not controlling, influence in ascertaining their understanding of its terms." 12 Am. Jur. 787.

The issue raised by the testimony introduced by appellants tending to show that appellee had failed to carry out certain undertakings on his part set forth in the lease, and that appellants had refused to consent to extension of the lease on this ground, as well as the others relied on by them, should also have been submitted to the jury. Even if appellee were otherwise entitled to the extension as claimed by him, still, if he had breached material covenants of the lease without waiver of such breach by appellants, this would authorize a denial of the additional term. *Jones* v. *Epstein,* 134 Ark. 505, 204 S. W. 217; *Felder* v. *Hall Brothers Company,* 151 Ark. 182, 235 S. W. 789.

The lower court erred in peremptorily instructing the jury in favor of appellee, and for that error the judgment is reversed and the cause remanded with directions to grant appellants a new trial and for further proceedings not inconsistent with this opinion.

The Chief Justice and Mr. Justice McHaney regard as ineffective that part of the lease in which there was attempt to extend an option to renew for five years. It failed because there was no agreement respecting the rental; nor was the language susceptible of the construction that $60 per month was intended. Effect of this

view would be a reversal, with judgment here for appellants. They therefore dissent from the opinion of the majority.