AMISANO *v*. SHAW.

4-8796                                                     218 S. W. 2d 707·

Opinion delivered March 14, 1949.

Rehearing denied April 11, 1949.

*Elmer S. Tackett* and *R. J. Glover,* for appellant.

*C. Floyd Huff, Jr.,* and *Curtis L. Ridgway,* for appellee.

HOLT, J. Appellants filed a complaint in which they alleged in substance that on January 1, 1947, they, as lessors and owners, and appellee, as lessee, signed and entered into a written lease contract under the terms of which appellants leased to appellee for a five-year term, with option to appellee to renew on the same terms for another five years, at a stipulated monthly rental, the following property: "One store building and living quarters incidental thereto, gasoline service station and fixtures and incidentals attached thereto, and feed store and incidentals attached thereto, known as Stueart's Landing, on Highway No. 70, Hot Springs Township, Garland County, Arkansas."

The lease contained the further stipulation that "lessee agrees that during the period of this lease he will use said premises for a general mercantile business, vending of gasoline and incidentals thereto and for living quarters as same are now being used. Lessee further agrees not to use said premises for any unlawful business, etc."

The lease also provided that appellants could declare a forfeiture should appellee violate any of its terms.

The complaint by amendment further alleged that in May, 1948, they and appellee orally agreed to the following modification of the said lease contract: "On the request of Maxwell P. Shaw to open a liquor store in the building which was originally a feed store, it is agreed with the understanding to separate the rents as follows: "The building of Grocery Store and Service Station with living quarters attached $100 per month for the entire twelve months. The building which will be separated with feed store in back and liquor store in the front shall rent for $50 per month for the entire twelve months.

"The remodeling of the above mentioned building shall be the expense of lessee. All arrangements will

have to be met with the approval of lessors. All improvements shall remain on premises should lessee decide to vacate.

"Both businesses (Grocery and Service Station, Liquor Store) shall be operated in Lessee's name and not the name of Stueart's Landing."

That appellee refused to sign or agree to said modification, but proceeded to open and operate a liquor store on the leased premises in violation of the terms of the original lease, *supra,* of January 1, 1947, by obtaining a retail liquor permit and was "converting the feed store on said premises into a liquor store for the purpose of retailing whiskey and other liquor to retail customers."

Appellants prayed that said lease be cancelled; that appellee be enjoined from further occupancy and for damages, or in the alternative, that they have specific performance of said lease as modified by said alleged oral agreement.

To this complaint, appellee demurred on the ground that a cause of action was not stated. The trial court sustained the demurrer, dismissed the complaint, and this appeal followed.

By his demurrer, appellee admitted to be true every allegation in the complaint that was well pleaded.

We think the original complaint stated a cause of action and that the court erred in sustaining appellee's demurrer.

Whether the alleged oral agreement was effective and enforceable on the ground, as alleged in appellants' complaint, of such part performance on the part of the lessee as would take it out of the Statute of Frauds (*Phillips* v. *Grubbs,* 112 Ark. 562, 167 S. W. 101), we do not decide for this was a question of proof which was not set out in the complaint.

The original lease provided, in specific terms, that the lessee would use the leased property for three designated purposes,—"(a) for a general mercantile busi-

ness, (b) vending of gasoline and incidentals thereto and (c) for living quarters as same are now being used," and that the lessee would not use the premises for any unlawful purpose. Just what was the intent of the parties by restricting the uses to which the premises might be used to these three uses? There was no provision that the property could be used for a liquor store. It would have been an easy matter to have so stipulated had the parties so intended. No one has a natural right to engage in the liquor business. To operate such a business lawfully, a license is required.

In 51 C. J. S., p. 1024, § 337b. under "Provisions Operating as Restrictions," we find: "The question whether a statement in a lease of the use to be made of the demised premises implies a covenant not to use the premises for other purposes depends on the intention of the parties. . . . a covenant that premises shall be used for a speficied purpose does not impliedly forbid their use for a similar lawful purpose which is not injurious to the rights of the landlord."

In support of the text is cited the case of *Stonegap Colliery Company, Appt.* v. *Kelley & Vicars,* 115 Va. 390, 79 S. E. 341, 48 L. R. A., N. S. (1914), p. 883, in which the Virginia Supreme Court of Appeals said. "The law, however, implies an obligation on the part of the lessee to use the property in a proper and tenantlike manner, without exposing the building to ruin or waste by acts of omission or commission, and not to put them to a use or employment materially different from that in which they are usually employed, or apparently violative of the spirit and purpose of the lease as such spirit and purpose is evidenced by recitals therein."

While upon procurement of the required license, a liquor store may be lawfully operated, we hold in the circumstances—in fact it appears obvious—that appellee's use of the premises for a liquor store is not similar in character to the three uses specified in the lease, *supra,* and "as same are now being used," that such use was therefore impliedly forbidden, and when so used would be grounds for cancellation of the original lease.

Accordingly, the decree is reversed and the cause remanded with directions to overrule the demurrer and to proceed in a manner consistent with this opinion.