### AMISANO v. SHAW.

4-9136                            227 S. W. 2d 951

Opinion delivered March 20, 1950.

*Elmer S. Tackett,* for appellant.

*C. Floyd Huff, Jr.,* and *Curtis L. Ridgway,* for appellee.

GEORGE ROSE SMITH, J. In 1947 the appellants, J. P. and Thelma Amisano, leased certain property near the city of Hot Springs to the appellee for a term of five years at a monthly rental of $125. The lease provided that the premises would be used "for a general mercantile business, vending of gasoline and incidentals thereto and for living quarters as same are now being used." In their complaint the appellants alleged that the appellee has opened a liquor store on the property pursuant to an oral modification of the lease by which he was given permission to operate the liquor store in return for a $25 increase in the monthly rent. The prayer was for specific performance of the lease as modified or in the alternative for cancellation of the lease. On the first appeal we held that the complaint was not demurrable. 214 Ark. 874, 218 S. W. 2d 707.

The proof brought out facts not stated in the complaint. It was shown that before the lease was executed the Amisanos had occupied the premises and had used them, among other things, for the retail sale of beer. When Shaw took possession he bought the appellants' stock of about 130 cases of beer and continued this business, with the appellants' approval. There is a sharp dispute in the testimony about the parties' actions when Shaw first proposed to put in a liquor store. Shaw testified that J. P. Amisano willingly assisted him in obtaining a liquor license, and it is admitted that Amisano signed a letter to the Commissioner of Revenues in which he said: "It [the liquor store] would be a great convenience to myself and to the other people living nearby. I, as are most of the others, am a successful business man and have a nice home within a few yards of Mr. Shaw, and his liquor store would save my driving 8 or 10 miles for my liquor." Both the Amisanos testified that this letter was signed only because Shaw promised to execute the amendment to the lease as soon as the liquor license was issued. Shaw denies this, testifying that the Amisanos suggested an increase in the rent but he did not agree to it.

The chancellor was right in refusing to grant the relief sought. On the first appeal we held that by its

terms the lease did not authorize the operation of a liquor store on the premises. But the landlord may waive a forfeiture for the breach of a covenant like this one, and a waiver is ordinarily found when the lessor accepts the payment of rent with knowledge that the lease is being violated. Underhill, Landlord and Tenant, § 402; Tiffany, Landlord and Tenant, § 194 i. If a liquor store is not within the authorization to conduct "a general mercantile business," neither is the retail sale of beer. Yet the appellants have continuously accepted the rent with the knowledge that beer was being sold. If we are to believe Amisano's statement to the Commissioner, he regarded the addition of the liquor store as a convenience rather than as a detriment to the appellants' neighboring property. Since the appellants have acquiesced in the sale of intoxicants on the premises, it is now too late for them to protest an extension of that business. We do not determine the effect of the appellants' waiver upon the appellee's right to exercise his option to renew the lease for an additional five-year term. See *Jones* v. *Epstein*, 134 Ark. 505, 204 S. W. 217; *Felder* v. *Hall Bros. Co.,* 151 Ark. 182, 235 S. W. 789.

Affirmed.