428

*Walter G. Wright, Curtis L. Ridgway, Jr., Q. Byrum Hurst,* and *Wood, Chesnutt & Smith,* for appellant.

*Wootton, Land & Matthews,* for appellee.

Carleton Harris, Chief Justice. Jimmy Lee Golden, appellant herein, on January 18, 1961, signed an employment contract with appellee, Orkin Exterminating Co. of Ark., Inc. Provisions of the contract, which are pertinent to this litigation, are as follows:

"The Company is engaged in the pest control, exterminating, fumigating and termite control business and has built up and established a valuable and extensive trade in said territory, which consists of the following:"

(Here several cities in this state are listed, but this litigation only involves three cities, Hot Springs, Malvern and Arkadelphia.)

"The Employee hereby expressly covenants and agrees, which covenants and agreements are of the essence of this contract, that he will not, during the term of this agreement and for a period of two (2) years immediately following the termination of this agreement, for any reason whatsoever, directly or indirectly, for himself or on behalf of, or in conjunction with, any other person, persons, company, partnership or corporation:

(a) call upon any customer or customers of the Company solicited or contacted by the Employee or whose account was serviced by the Employee, pursuant to his employment hereunder, for the purpose of soliciting or selling any pest control, exterminating, fumigating or termite control service for the eradication or control of rats, mice, roaches, bugs, vermin, termites, beetles or other insects;

(b) nor will he divert, solicit, or take away any such customer or customers of the Company or the business or patronage of any such customers of the Company for the purpose of selling a service for the eradication or control of rats, mice, roaches, bugs, vermin, termites, beetles or other insects;

(c) nor will he call upon, divert or solicit any person, persons, company, partnership or corporation for the purpose of selling any service for the eradication or control of rats, mice, roaches, bugs, vermin, termites, beetles or other insects anywhere within the territory stated in Paragraph 6(d);

(d) nor will he engage in the pest control, exterminating, fumigating or termite control business anywhere within the territory as specifically delineated and described as follows: Hot Springs, Arkadelphia, * * * Malvern, * * *."

Paragraph 7 provides,

"The Employee does expressly understand and agree that his responsibilities and obligations as to each and every covenant as set forth in Paragraph 6 above shall pertain and apply in every particular (in addition to the

territory stated in Paragraph 6 above) to that territory
of the Hot Springs, Arkansas office of the Company in
which the Employee has worked for any period not less
than ninety (90) days during any part of the twelve (12)
month period next preceding the termination of this
agreement, for any reason whatsoever.''

On May 31, 1962, Golden resigned as an employee
of appellee company and on the following June 4, ac-
cepted employment with appellant, Arab Termite and
Pest Control Company of Hot Springs, Inc. On July
13, 1962, Orkin filed this action, praying, *inter alia,* that
Golden be enjoined from competing with appellee in its
pest control and exterminating business in the city of
Hot Springs, and that he be permanently enjoined from
engaging in such business anywhere within the territory
of Hot Springs, Arkadelphia, Malvern, and intermediate
locations constituting the territory in reasonable prox-
imity thereto for a period of two years from the date of
the decree. On July 25, the complaint was amended to
include Daniel C. Dykes, a former employee of appellee,
who at the time of the filing of the complaint, was serv-
ing as manager for Arab.. Requests for Admissions were
directed to Golden and Dykes, after which an answer was
filed by all defendants. Prior employment by Orkin was
admitted, but all other material allegations were denied.
Further Requests for Admissions were served upon ap-
pellants, and thereafter the cause proceeded to trial.
After hearing oral testimony, the court entered its de-
cree, finding that Golden "is bound by the terms of his
contract not to engage in termite or pest control work
within the area described in said contract which is de-
fined to be the cities of Hot Springs, Arkadelphia and
Malvern, and within five (5) miles of the corporate lim-
its of said cities," and in accordance with this finding,
enjoined Golden from engaging in the termite and pest
control business in the area involved for a period of two
years from May 31, 1962 (the date of the termination of
his contract).[1] From the decree so entered, appellants
bring this appeal.

---

[1] Other issues raised in the complaint, including damages sought
against Dykes and Arab Termite and Pest Control Co. of Hot Springs,
were reserved for later determination.

The only question presented on this appeal is the validity of the Chancellor's action in including in the injunction the area five miles beyond the corporate limits of Hot Springs, Arkadelphia and Malvern. In other words, appellants contend that the contract only justifies an injunction to prohibit Golden from engaging in termite and pest control work within the corporate limits of these cities.

The limited attack upon the court's decree is due to our holding in *Orkin Exterminating Co.* v. *Murrell,* 212 Ark. 449, 206 S. W. 2d 185, wherein we held that a certain contract between Orkin and Murrell (an employee) of the same type as the contract here involved, was valid. In that case, Murrell agreed that he would not engage in the pest control business in certain cities in this state, nor within "a 75-mile radius of each of these said cities" for a period of one year immediately following the termination of his employment. We held that the restraint imposed upon Murrell, under the circumstances, was such as would only afford a fair protection to Orkin and that the covenant was accordingly reasonable in its terms. Here, appellants point out that the 5-mile radius, included in the Chancellor's injunction, was not embodied in the contract between the parties, and it is asserted that the Chancellor therefore erred in extending the injunction to territory beyond the city limits. We agree with appellant's contention insofar as it relates to the cities of Malvern and Arkadelphia, but we disagree as to Hot Springs.

The proof reflects that, though appellant Golden only worked the city limits of Arkadelphia and Malvern, he admittedly, in addition to territory within the city limits of Hot Springs, worked the Lake Hamilton and Lake Catherine areas. While there is no specific testimony that he worked these areas for a period of 90 days,[2] Golden did testify that he had worked the Hot Springs territory for the last few months before the termination of his employment with Orkin, and it definitely appears

---

[2] No contention is made in appellant's brief that he did not work in this area for 90 days.

from the actions of Golden and appellee, that as to Hot Springs, each recognized that the area for extermination solicitation and service extended beyond the city limits and included the lake area. We have held that the construction placed upon a contract between parties, as reflected by their words and acts, must be given consideration. In *Hurst* v. *Flippin School Dist. No. 26,* 228 Ark. 1151, 312 S. W. 2d 915, this court said:

"It is well settled by our decisions that, in construing a contract the meaning of which is doubtful, the construction placed thereon by the parties to it, as reflected by their words and acts, must be given consideration. See cases cited in *Lutterloh* v. *Patterson,* 211 Ark. 814, 202 S. W. 2d 767, where we approved this statement from 12 Am. Jur. 787: 'In the determination of the meaning of an indefinite or ambiguous contract, the interpretation placed upon the contract by the parties themselves is to be considered by the court and is entitled to great, if not controlling, influence in ascertaining their understanding of its terms.' "

While it is true that the words "5-mile radius" do not appear in the contract, the Chancellor evidently used this figure with the view of covering that territory wherein Golden had worked, serviced, and solicited business during his employment with Orkin. Since it is admitted that the lake areas were solicited during that period, we think the extension of the injunction to the 5-mile radius beyond the city limits (of Hot Springs) was reasonable.

In accordance with the views herein expressed, we are of the opinion that the injunction entered by the Garland Chancery Court was too broad in its terms in enjoining Appellant Golden from engaging in termite or pest control work within a 5-mile radius of the corporate limits of the cities of Malvern and Arkadelphia. As to these cities, the injunction should have been limited to that territory solely within the corporate limits. With this modification, the decree is remanded to the Garland Chancery Court with directions to enter a decree not inconsistent with this opinion.

GEORGE ROSE SMITH and JOHNSON, JJ., dissent.

GEORGE ROSE SMITH, J. (dissenting). I think the decree should be further modified by excluding the area lying within a five-mile radius of the city limits of Hot Springs.

In view of the established breach of contract the appellee was entitled to injunctive relief with reference to the area within the city of Hot Springs. That phase of the case is not in issue upon this appeal. But the only way in which the appellee could obtain relief with respect to the area contiguous to the city limits was by proving, under Paragraph 7 of the contract, that Golden had worked in that suburban area for not less than ninety days during the last year of the contract.

In my opinion the appellee did not meet this burden of proof. In fact, the complaint did not even allege such a cause of action. The complaint did quote Paragraph 6 of the contract, which embraced the territory within the city limits, but the complaint did not even mention Paragraph 7 (except that a copy of the contract was attached as an exhibit). As far as I can discover, the exceptional ninety-day provision by which the ambit of the contract could be extended was not mentioned anywhere in this case until the appellee's brief was filed.

There was no testimony that Golden worked for ninety days in this suburban area. In fact, the majority's holding in this respect is really based upon a single question and answer in the course of Golden's testimony:

"Q. But for the last few months [before the termination of the contract] you had worked in the Hot Springs territory?

"A. Right."

The plaintiff unquestionably had the burden of proving that Golden had worked within the suburban Hot Springs area for the minimum of ninety days required by the contract. Even if that fact had been alleged in the complaint, and it was not, the proof would still be insufficient to establish the allegation. In view of the

fact that the burden of proof was on the appellee, I cannot say that testimony that Golden had worked for a few months in the Hot Springs territory (which under the contract included the twenty cities listed in Paragraph 6) amounted to proof that he had worked for at least ninety days within every part of the area lying within a five-mile radius of the city limits.

The appellant concedes the correctness of the greater part of the decree; he appeals only from that part of the order including territory contiguous to Arkadelphia, Malvern, and Hot Springs. In view of the fact that Hot Springs is by far the largest of these three cities, as well as being the appellant's home, it is fair to suppose that the real issue on this appeal is the Hot Springs suburban area. Thus the appellant is really losing his appeal; I think he should win it.

JOHNSON, J., joins in this dissent.