Marian F. Penix, Judge.
 

 Appellees, Ronald and Hazel Storey, petitioned the trial court for an Order declaring the rights of petitioners and defendants-appellants which arose out of a lease contract dated August 28, 1974. The court held that the renewal clause of the lease is void for uncertainty and unenforceable because it stated the rental amount for the renewal period would be determined by a future agreement. The court further found the actions of the appellees, Storeys, were not premature in that the prayer was for a declaration of rights and status under the League Contract, and fully authorized by the Declaratory Judgment Act, because of a justiciable controversy. The court held the appellants-defendants have no right or interest in the property in question after December 31, 1979 at which time the Lease Contract will have terminated by its own terms. The appellants-defendants appealed.
 

 Kelsey Broom, an incompetent, owned 160 acres of land and Mabel Ruth Broom owned 80 acres. On January 23, 1970 Mabel Ruth Broom and the Guardian of Kelsey Broom leased these lands to Johnny Phipps for a period of five (5) years beginning January 1, 1970 and ending December 31, 1974 for a yearly rental of $4500. Prior to the expiration of the original Lease Contract, Kelsey Broom died. He willed his interest to Mabel Ruth Broom, the other lessor. On August 28, 1974 Mabel Broom entered into a new Lease Contract with Johnny Phipps as to the same lands for a period beginning January 1, 1975, and ending December 31, 1979, for a rental of $10,000 per year, payable annually.
 

 On page 2 of this Lease Contract, paragraph four provides:
 

 At the expiration of this Lease Contract the Lessee, Johnny Phipps, is given and granted the right and option to renew this Lease Contract for a period of five (5) years, beginning January 1, 1980, and ending December 31, 1984, on the same terms and conditions as set forth herein, at and for an annual rental to be agreed upon by the Lessor, her heirs, executors, administrators, assigns, and successors and the Lessee, Johnny Phipps, provided the right to renew this Lease Contract is exercised in writing by the Lessor and the Lessee on or before September 1, 1979; and the annual rental is mutually agreed upon in writing by the Lessor and the Lessee on or before September 1, 1979; otherwise the right and option to renew this Lease Contract shall terminate and end.
 

 Mabel Broom died January 17, 1975 and Beverly Cockrell was appointed executrix of her estate. The executrix sold the lands to the Storeys, appellees. The notice of the sale and the deed made reference to the lease of August 28, 1974, with all rights of Mabel Broom being transferred to the Storeys. Johny Phipps died March 10, 1977 and Mary Phipps was sole devisee under his will. Before Johnny Phipps died his attorney, W. G. Dinning, Jr. had, on October 11, 1976 written to E. L. Schieffler and David Solomon, attorneys for the heirs and executrix of the Broom estate, sending a copy of an assignment by which the lease had been transferred by Phipps to Phipps and Brown, Inc., a corporation. Attorney Solomon acknowledged the receipt of the October 11 letter and purported assignment but Solomon stated that an assignment was not possible under the lease and not acceptable by the executrix. Solomon also stated Attorney Schieffler, who represented some of the devisees of the farm land involved in the lease would not, in Solomon’s opinion, consent to the assignment of the lease.
 

 On April 10, 1979, Mary Phipps, as an individual, undertook to give a notice to the Storeys the lease would be renewed for an additional five (5) year period beginning January 1, 1980 and ending December 31, 1984. As a result of Mary Phipps’ notice the Storeys filed their suit for a Declaratory Judgment claiming the option was null and void and that the Appellants had no further right to possession of the property for the calendar years of 1980 to 1984. The court’s Declaratory Judgment held the option clause to be invalid and held the Appellants were not entitled to possession after December 31, 1979.
 

 Our threshold question is whether the appellants have any right under the Lease Contract dated August 28, 1974, to lease these lands for five (5) years beginning January 1, 1980?
 

 The Storeys contend, and the trial court agreed, the language “at and for an annual rental to be agreed upon by the Lessor, her heirs, executors, administrators, assigns and successors, and the Lessee, Johnny Phipps” is meaningless and of no effect.
 

 The general or majority rule is stated in 50 Am. Jur. 2d 40, Landlord and Tenant, Section 1165:
 

 A renewal covenant in a lease which leaves the renewal rental to be fixed by future agreement between the parties has generally been held unenforceable and void for uncertainty and indefiniteness.
 

 The majority view is reflected in the 1947 Arkansas case Lutterloh v. Patterson, 211 Ark. 814, 202 S.W. 2d 767. The clause of the lease in that case stated as follows:
 

 Lessee agrees to pay the following rent for the premises: Fifty Dollars ($50.00) per month, payable in advance for two (2) years, then Sixty Dollars ($60.00) per month for the additional three (3) years, with option for renewal for five (5) years, with the understanding the price of rental is fixed at the termination of the rent contract as of June 14, 1946.
 

 The Court held this language to be ambiguous and susceptible of two interpretations, therefore, the case was remanded to the trial court for further testimony. The court stated:
 

 On the other hand, it may be said that the language in dispute meant only that the rental for the additional five years was to be ‘fixed’, or agreed upon, at the time of the termination of the first five year period, and that, if the parties had intended to “fix” the rental for the additional term at $60 they could and would have simply, and without circumlocution, provided in the lease that the rental for the optional period would be $60 per month. If this construction should be sustained it would result in the provision for the option being void for uncertainty. At 817.
 

 The lease in the present case is not ambiguous. It is not capable of more than one interpretation. The rental amount of the renewal period is to be determined by a future agreement.
 

 The Appellants cite Beasley v. Boren, 210 Ark. 608, 197 S.W. 2d 287 (1946). Beasley, however, is distinguishable from this case. There, by the actions of the parties, a lease which had expired was renewed on a month by month basis. The court held the indefiniteness was made certain by the actions of the parties in carrying out the provisions of the lease on a month to month basis. The court held the uncertainty had been removed by the acts of the parties.
 

 The law, as expressed in Lutterloh, supra, has also been enunciated in other cases. In Keating v. Michael, 154 Ark. 267, 242 S.W. 563 (1922), the Supreme Court stated:
 

 A covenant to renew upon such terms as may be agreed upon is void for uncertainty . . .No provision was fixed in the contract except such rental value as the parties might agree upon. They might never agree, and so the case falls squarely within the general rule announced above, and the contract is too uncertain and indefinite to be enforced.
 

 Likewise in Hatch v. Scott, Admx., 210 Ark. 665, 197 S.W. 2d 559 (1946), the court determined:
 

 A covenant to renew upon such terms as may be agreed upon is void for uncertainty. It is nothing more than an agreement to make an agreement.
 

 See also, Ferrill v. Collins, 225 Ark. 247, 281 S.W. 2d 939 (1955). See generally, 58 ALR 3d 500, Renewal of Lease — Rental to be Agreed Upon.
 

 In order to be enforceable a contract must be definite and certain in all of its terms and conditions in order that the court may know what the parties have agreed upon. Where the annual rental is not agreed upon and the contract does not otherwise provide a manner for its definite determination, the contract does not meet this test. Therefore, the renewal clause is void for uncertainty and unenforceable.
 

 Affirmed.