## COULSON OIL COMPANY, INC. *v.*
## Kenneth WILCOX, d/b/a WILCOX OIL COMPANY

CA 83-461                                    671 S.W.2d 198

Court of Appeals of Arkansas
Division I
Opinion delivered June 27, 1984

*Plegge & Church,* by: *Beresford L. Church, Jr.,* for appellant.

*Brazil & Clawson,* by: *Ed Clawson;* and *Gordon & Gordon, P.A.,* by: *Allen Gordon,* for appellee.

TOM GLAZE, Judge. This case involves a commercial lease dispute. The twenty-year lease in controversy was first entered into between Nickerson & Nickerson, Inc. (Nickerson) and appellee on March 9, 1969. Until 1979, Nickerson used the leased site for a Nickerson Farms Store which sold food, gifts, candy and petroleum products. During the period Nickerson operated its store, it sold gasoline only and its rental payment to appellee was in part based upon the amount of gasoline sold each month. In 1980, Nickerson assigned its lease to appellant. Appellant continued to sell gasoline, but it also altered the business facility to sell diesel fuel and to service large trucks. In June, 1981, appellee filed suit to reform the original lease agreement to require appellant to pay rent based both on gasoline and diesel sales or alternatively to cancel the lease. Appellee later amended its complaint, requesting that appellee be enjoined from selling petroleum products other than gasoline and from operating the premises as a truck stop. Appellant answered, asserting it had complied with the lease provisions and requesting dismissal of appellee's complaint. After a full trial and the submission of briefs by the parties, the chancellor granted the injunction appellee requested but alternatively permitted appellant to elect to pay rental based upon monthly sales of both gasoline and diesel. On appeal, appellant contends the chancellor erred in admitting parol testimony which served as the basis for finding the appellant violated the stated or primary purpose of the parties' lease. We agree with appellant's contention, and therefore reverse.

Under the lease agreement, appellant is required monthly to pay $150 plus one-half cent per gallon on gasoline sales. The primary purpose of the lease, set forth in paragraph 7, provides:

> The leased premises are to be used as a site for a Nickerson Farms Store for the sale of food, gifts, candy, petroleum products and other merchandise customarily handled by such stores; and for the conduct of any other lawful business; and the Lessee is hereby given

the right to sublease or underlet said premises or to assign the whole or any part of the term of this lease.

Although the foregoing provision provides for the sale of "petroleum products," the trial judge determined the parties contemplated the sale of gasoline only. The chancellor based this finding in large part upon appellee's testimony, and his purported conversations with Nickerson's president. Appellee indicated these conversations took place prior to their executing the lease. In sum, appellee testified (over appellant's objection on hearsay and parol evidence grounds) concerning what the parties meant by the term "Nickerson Farms Store" as that term was used in paragraph 7 of the lease. Appellee stated that Nickerson's president said that he intended Nickerson to cater to the "elite motoring public" which he defined as the "people who would travel the freeway in good cars. . . . " He quoted Nickerson's president as also saying, "he didn't want diesel pumped there," and "[h]e was only going to pump gasoline, because it degraded into the type thing that didn't work good for his cafe operation [and] his gift shop operation. . . . " Appellee further testified that he owned property adjacent to the leased tract and that his development of that property depended upon the family traffic to which Nickerson catered.[1]

Given the appellee's parol testimony and its significant import, we must determine if its admission violated the parol evidence rule. Of course, that rule excludes oral testimony that would contradict or vary the terms of a written contract, but the rule does not preclude an oral explanation of an ambiguity in the agreement. *Peevy* v. *Bell*, 255 Ark. 663, 501 S.W.2d 767 (1973). Appellee cites the *Peevy* case as an example of when the admission of parol evidence is proper. There Peevy sold Bell "the Tandy Homes Franchise" for Springdale, Arkansas, and the surrounding area. Bell later brought suit for breach of contract, alleging Peevy failed to assign him three contracts that existed at the time of the sale and which were for the construction of Tandy

[1]The record reflects the appellee made no effort to develop his adjacent property during the more than ten-year period the leased tract was operated by Nickerson.

homes. Under the franchise purchased by Bell, no one else could build a Tandy home; thus, a factual issue arose regarding what was meant by the description, "the Tandy Homes Franchise," and whether the three construction contracts in question came within that description. The Supreme Court permitted parol testimony on what a Tandy Homes Franchise was because the parties' agreement merely recited the term without one syllable in the instrument explaining what a Tandy home was or what the franchise included.

The instant case significantly differs from the facts in *Peevy* because the purpose clause (paragraph 7) of the parties' lease agreement does set forth specifics from which their intent can be gained. First, Nickerson, among other things, could sell petroleum products, and even appellee does not argue that diesel fuel is not generically, at least, a petroleum product. Clearly, if appellee had desired to exclude diesel, he could have required that exclusion in his original lease with Nickerson. Second, the parties also permitted Nickerson to conduct "any other lawful business" on the premises. No question is raised that diesel could not lawfully be sold on the site; appellee only argues that the parties did not intend for it to be sold. Neither was a restriction placed on other types of business to be conducted, except that they be lawful. Again, if appellee had intended to exclude diesel sales, he easily could have inserted that restriction in the lease. Third, as appellant points out, Nickerson was given the unfettered right to assign or sublease to *anyone*. In fact, Nickerson had assigned its lease to others before appellant acquired the business site, and the only difference in the business operation occurred when appellant began selling diesel. From our review of the lease agreement, we see no ambiguity in its terms, and the only real confusion over what the parties intended arises from the parol testimony given by appellee. That testimony is simply in conflict with the plain written terms in the lease.

In reaching the conclusion that the trial court erred in permitting appellee's parol testimony, we must also consider the chancellor's legitimate concern that if allowed to sell diesel, appellant might halt the sale of gasoline and sell

diesel fuel exclusively. If this were to occur, appellant would not pay monthly-gallonage rent since the lease required such rent only on gasoline sales, not diesel. Under these circumstances appellant would pay only its base rent of $150 per month. We quickly add that at this stage, appellant not only has continued gasoline sales, but the gasoline gallonage rent it has paid appellee is almost double the amount received from the prior operators. Our Supreme Court, quoting from 51 C.J.S. Landlord and Tenant, § 337b said:

> [A] covenant that premises shall be used for a specified purpose does not impliedly forbid their use for a similar lawful purpose *which is not injurious to the rights of the landlord.*

*Amisano* v. *Shaw*, 214 Ark. 874, 218 S.W.2d 707 (1949) (emphasis supplied).

Here, appellant altered the two gasoline islands operated by Nickerson so diesel could be pumped. Nevertheless, it retained one gasoline island, added two hoses and continued use of the same number of hoses (4) to pump gasoline as did Nickerson. These changes certainly did not injure appellee or reduce his rental receipts. To the contrary, appellant's gasoline sales have exceeded those of the prior lessees, including Nickerson. Clearly, had appellant chosen to halt its sale of gasoline, our decision, applying the rule in *Amisano, supra,* would be different. Also, should appellant choose to stop gasoline sales, it runs the risk of violating another rule that sometimes arises in situations (similar to the one here) in which rent is based on a percentage of yield from a particular use designated under the lease. In such situations, courts have found an implied covenant under the percentage-rental lease agreements and have required the lessee to continue the designated use and sales. *See Sinclair Refining Co.* v. *Giddens,* 54 Ga.App. 69, 187 S.E. 201 (1936) (citing *Davis,* court reached same result); *Sinclair Refining Co.* v. *Davis,* 47 Ga. App. 601, 171 S.E. 150 (1933) (court found that failure to continue operating for sale of gasoline defeated object of lease); *Mutual Life Insurance Co.* v. *The Tailored Woman, Inc.,* 123 N.Y.S.2d 349 (953) (court found implied covenant to conduct business in substantially

same manner as before); *Cissna Loan Co. v. Baron,* 149 Wash. 386, 270 P. 1022 (1928) (court found lessee leasing on sales percentage basis liable for percentage of total sales even though he moved two departments into adjoining building); *see also* Annot., 170 A.L.R. 1113 (1947); Annot., 38 A.L.R.2d 1113 (1954); and 3 G. Thompson, *Commentaries on the Modern Law of Real Property* § 1147 (1980). *Contra Percoff* v. *Solomon,* 259 Ala. 482, 67 So.2d 31 (1953) (court found no implied covenant when a guaranteed substantial minimum rental was paid); *Hicks* v. *Whelan Drug Co.,* 131 Cal. App. 2d 110, 280 P.2d 104 (1955) (court discussed, but did not find, an implied covenant to operate business for mutual profit of lessor and lessee). The foregoing cases involving implied covenants prove only instructive because here the chancellor's concern over appellant's possible curtailment of or reduction in gasoline sales has not been realized. Thus, we need not reach that issue.

Because we find that the parties' lease agreement was unambiguous and that the trial court erred in admitting parol testimony explaining it, we reverse this cause with directions to dismiss appellee's complaint.

Reversed and dismissed.

MAYFIELD, C.J., and CORBIN, J., agree.