### ELLEGE v. HENDERSON.

#### Opinion delivered March 1, 1920.

1. EVIDENCE—LATENT AMBIGUITY OF WRITTEN CONTRACT.—Where a contract contains words of latent ambiguity, oral testimony is admissible to explain its meaning.

2. EVIDENCE—WRITTEN CONTRACT—PAROL EVIDENCE.—Where a contract for sale of a hotel stipulated "that all equipment and furnishings now in and around said house are to go to H. for the consideration of $4,000 as above stated, except the personal effects of said E.; in other words, the hotel is to be left fully equipped for business as it now stands," parol evidence was admissible upon the question whether "personal effects" should be restricted to such tangible property as is or may be worn or carried about the person, or should include the furnishings and equipment of two rooms occupied by E.

Appeal from Sevier Circuit Court; *James S. Steel,* Judge; reversed.

### STATEMENT OF FACTS.

This is an action in replevin by John C. Henderson against Alice Ellege to recover certain personal property. The suit is based upon a contract between the parties, which is as follows:

"In consideration of your having this day given us a check for $500, and agreeing to pay us two thousand dollars within ten days and executing in favor of us vendor lien note for $1,550 against the lots covering 100 by 140 feet, on which now stands the Ellege Hotel, Horatio, Arkansas, said notes to run for one year and bear 8 per cent interest, we agree and will execute a warranty deed to said property in your favor and to furnish abstract showing good title to the property. It is understood and agreed by us that all equipment and furnishings now in and around said house are to go to Henderson for the consideration of $4,000 as above stated, except the own personal effects of said Elleges. In other words, the hotel is to be left fully equipped for business as it now stands. Possession is to be given within twenty days if it be required by said Henderson."

The articles involved in this suit were the beds, bedding, dressers and other furniture of two rooms of the hotel which Mrs. Ellege sold to Henderson. Mrs. Ellege conducted a hotel with twelve or fourteen rooms for guests. Mrs. Ellege, her husband and her son occupied two rooms down stairs, which were specially furnished by her. She claims that under the contract the beds, bedding, dressers and other furniture in these two rooms were reserved. She said that these two rooms and the furniture therein had never been used for hotel purposes. She admitted that Henderson had occupied one of the rooms for a time while her son was absent, but said that this was done as a matter of accommodation to him and not as a part of the business of running the hotel.

The court excluded this evidence from the jury and directed it to return a verdict for the plaintiff. The defendant has appealed.

*Will Steel,* for appellant.

1. The contract is ambiguous in its terms, and its interpretation should have been left to the jury. 115 Ark. 166; 113 *Id.* 556. The contract should be considered as a whole. 96 *Id.* 320. Two of the clauses in the contract are ambiguous. Our contention is that "all the equipment and furnishings now in and around the hotel" did not go to Henderson, but there were excepted "the own personal effects of said Elleges." This refers to specific description of property which precedes it and from which the description is taken; the doctrine of *ejusdem generis* prevails and should govern. 73 Ark. 600; 104 *Id.* 264. Parol evidence was admissible to explain the ambiguity in the words used, "effects, equipment, etc." 112 U. S. 495; 40 Ind. 593; 20 Vt. 195; 6 How. (U. S.) 301; 42 S. W. 938.

2. Plaintiff's instruction No. 2 was error. 89 Ark. 368.

*Lake & Lake,* for appellee.

The contract is not ambiguous but clear and definite, and parol testimony was not admissible; it was the duty of the court to interpret it. 105 Ark. 213; 75 *Id.* 55; 79 *Id.* 172; 101 *Id.* 353. The court properly refused to submit to the jury the meaning of the language used. 186 S. W. 622; 99 Ark. 112; 9 Cyc. 578; 113 Ark. 556; 23 Wallace 492. The intention of the parties is clear and definite, and the parties were not old nor ignorant. On the whole case the judgment is correct, and there is no error in the instructions.

HART, J. (after stating the facts). It is sought by the plaintiff to uphold the judgment on the ground that the contract is not ambiguous and that the court properly construed it not to reserve the articles sued for.

On the other hand, it is contended by the defendant that the contract is ambiguous, and that oral testimony was admissible to explain the meaning of the words, "personal effects," as used in the contract. Ordinarily

it is the duty of the court to construe a written contract and declare its meaning to the jury. Where, however, the contract contains words of latent ambiguity, oral testimony is admissible to explain the meaning of such words. *Wilkes* v. *Stacy,* 113 Ark. 556.

Tested by this rule, we think the court erred in instructing a verdict for the plaintiff. We do not think that the words, "personal effects," as a matter of law should be restricted to such tangible property as is worn or carried about the person. In construing the meaning of these words, particular regard must be given to the connection in which they are used. Each case must be construed according to the connection in which the words are used, regard being had to the situation of the parties and the surrounding circumstances.

Mrs. Ellege was conducting a hotel which had twelve rooms which were used in the business. Her husband, her son and herself occupied two rooms downstairs, which were furnished by her for that purpose. She sold her hotel and its furniture to Henderson. When they moved out, she carried with her the furniture in the two rooms occupied by her family. Henderson claimed the furniture under the contract of sale. She sold the hotel for $4,000. The first part of the contract deals with that phase of the subject. Then follows this clause: "It is understood and agreed by us that all equipment and furnishings now in and around said house are to go to Henderson for the consideration of $4,000 as above stated except the own personal effects of said Elleges. In other words, the hotel is to be left fully equipped for business as it now stands." It will be noted .that the language quoted deals with the disposition of the equipment and furnishings in the hotel. The agreement, in brief, is that all equipment and furnishings now in the hotel are to go to Henderson except the own personal effects of the Elleges.

When the parties in a contract enumerate a particular class and immediately couple with that class the words, "personal effects," these words must be applied

to articles *ejusdem generis* with those specified in the preceding part of the sentence. The parties were dealing with a disposition of the equipment and furnishings of the hotel and a fair and reasonable interpretation of the words, "except the own personal effects of said Elleges," would show that the parties referred to furnishings of the hotel which had been for the personal use of Mrs. Ellege and her family. It can not be said as a matter of law that the parties were referring to articles usually worn on the person when as a matter of fact the sentence deals with the disposition of the furnishings of the hotel and it might be fairly said that the words personal effects as used in this sentence by the parties referred to the furnishings used by Mrs. Ellege; otherwise, why except the personal effects of Mrs. Ellege from the furnishings if they were not of the same class as those mentioned in the first part of the sentence. This view is strengthened when we consider the words following. They are explanatory words and show that the parties meant that only the equipment and furnishings which had been used by Mrs. Ellege in the proper conduct of her hotel business should pass under the sale.

Therefore, we are of the opinion that the contract is ambiguous, and that oral testimony is admissible to explain the meaning of the words used, and that the court should have submitted to the jury to determine in what sense they were used. *Paepcke-Leicht Lbr. Co.* v. *Talley,* 106 Ark. 400.

It follows that the court erred in directing a verdict for the plaintiff and in not allowing the explanatory testimony of Mrs. Ellege to go to the jury. On this account the judgment must be reversed and the cause remanded for a new trial.