FORT SMITH APPLIANCE & SERVICE Co. *v.* SMITH.

4-9386          236 S. W. 2d 583

Opinion delivered February 19, 1951.

*Martin L. Green* and *Lawrence S. Morgan,* for appellant.

*Bland, Kincannon & Bethell,* for appellee.

ROBINSON, J. This case grows out of an agreement which the appellant, plaintiff in the Circuit Court, claims is a conditional sales contract, and appellee contends is a consignment. The jury found for appellee.

Appellant urges as errors the giving by the court of instruction No. 4 requested by appellee and the refusal to give instruction No. 12 requested by appellant. The contract involved is as follows:

### "CONSIGNMENT AGREEMENT

"This agreement made and entered into this the 25th day of September, 1947, by and between Fort Smith Appliance & Service Company, hereinafter referred to as the consignor; and Jim Smith, doing business as the Smith Sales Company, hereinafter referred to as the consignee, Witnesseth:

The consignor hereby consigns to Jim Smith, doing business as the Smith Sales Company, the following described personal property, to-wit:

(Here is listed property)

"It is agreed and understood by the parties hereto that the said Jim Smith shall pay to the said Fort Smith Appliance & Service Company the sum of Nineteen Hundred Dollars ($1900) for all of the above described furniture on or before September 25, 1948, and it is further agreed that in the event the said Jim Smith shall sell any part of the above described property for cash, he shall at that time pay to the said Fort Smith Appliance & Service Company the amount set opposite said item in the foregoing list. In the event the said Jim Smith shall sell any part of the above described property on credit, then and in that event the said Jim Smith shall pay for said property when he has received payment for the same on or before September 25, 1948, whichever date shall first occur.

"It is further agreed that on or before September 25, 1948, the said Jim Smith shall purchase and pay for all of said furniture, paying the total price of Nineteen

Hundred Dollars ($1900) as herein provided; that after September 25, 1948, if the said Jim Smith shall have failed to pay the whole of said sum, then and in that event the said Jim Smith agrees to pay interest at the rate of six per cent (6%) per annum on the unpaid balance. Title on the above described shall be retained by the said Fort Smith Appliance & Service Company until payment has been made for all or part of said furniture, as herein provided, and in the event said sum of Nineteen Hundred Dollars ($1900) has not been paid on or before September 25, 1949, then and in that event the Fort Smith Appliance & Service Company shall have the right to declare the whole amount due and treat this agreement as a completed sale, or, at its option may retake possession of said property as its own, without demand, notice or process of law.''

Instruction No. 4:

''Under the law a buyer is deemed to have accepted the goods when he indicates to the seller he has accepted them, or, when the goods have been delivered to him and he does some act inconsistent with the seller's ownership of the goods without indicating to the seller that he has rejected them. So in this case, you shall find that Jim Smith did not accept the goods unless he indicated to Fort Smith Service & Appliance Company that he had accepted them, or unless after the goods were delivered to him he did some act inconsistent with the seller's ownership of the goods without indicating to Fort Smith Service Company that he had rejected the goods.

''In this connection, you are advised that if you find that Jim Smith sold any of the goods between September 25, 1947, (date of contract) and September 25, 1948, such sale being made for the account of Fort Smith Service & Appliance Company and not for his own, Jim Smith's, account, such sale would not be an act inconsistent with the seller's ownership of the goods, it being the finding of this court as a matter of law that for said period of time between September 25, 1947, and September 25, 1948, the goods were on consignment for the

account of the seller Fort Smith Service & Appliance Company.''

In the above instruction the court told the jury that, as a matter of law, for the time stated, the merchandise was on consignment. In our opinion the contract is not so clear and free of ambiguity that the court could say what it meant as a matter of law. In a situation of this kind it must be left to a jury to determine what was the intention of the parties. Ordinarily it is the duty of the Court to construe a written contract and declare its meaning to a jury, but, where there is a latent ambiguity, parole evidence is admissible to explain the meaning of the parties, and then it is a question for the jury and should be submitted to a jury. *Walden* v. *Fallis,* 171 Ark. 11, 283 S. W. 17, 45 A. L. R. 1396; *Lutterloh* v. *Patterson,* 211 Ark. 814, 202 S. W. 2d 767; *Ellege* v. *Henderson,* 142 Ark. 421, 218 S. W. 831. Regardless of whether the ambiguity is patent or latent, if the intention of the parties is not clear it is a question for the jury. *Walden* v. *Fallis, supra.*

In all probability, appellant's instruction No. 12 refused by the court will not again be requested as it would be in contravention of our holding that the intention of the parties is a jury question because of the ambiguity of the contract.

There is irreconcilable conflict between that portion of appellee's instruction No. 4 declaring the agreement to be a consignment and several of the instructions touching on warranties on the part of appellant and the right to ratify or rescind on the part of appellee, but such inconsistency is not likely to occur in the next trial.

For the error in giving appellee's instruction No. 4, the case is reversed.