TRIBBLE v. LAWRENCE.

5-3706                                        396 S. W. 2d 934

Opinion delivered December 20, 1965.

*Spencer & Spencer,* for appellant.

*Ben D. Lindsey,* for appellee.

JIM JOHNSON, Associate Justice. This is a suit for the purchase price of a washing machine. Appellant Travis Tribble, doing business as Tribble Appliance Company, sold a washer to appellee Jack Lawrence on June 6, 1963. The price after trade-in was $208.00 plus $22.76 time price differential. Appellee signed a conditional sale contract providing for monthly payments. The form used was furnished appellant by B-W Acceptance Corporation, which ordinarily bought appellant's contracts. The sale to appellee was made after 5:00 p.m., and appellant was unable to contact the credit bureau. When appellant called the credit bureau the following day he was advised that appellee had bad credit, and B-W later notified appellant that it would not buy the contract because of appellee's bad credit. Appellee was advised immediately and was asked to pay the purchase price in full, which he agreed to do.

Nothing was ever paid and appellant filed suit on August 8, 1963, in municipal court for only the $208.00 cash balance due, and obtained judgment. This was appealed to circuit court by appellee. On September 29, 1963, the washer was destroyed in a fire at appellee's home. Trial was held in circuit court on February 12, 1965. The jury returned a verdict for appellee. From judgment on the verdict, appellant has appealed to this court.

For reversal appellant urges that the trial court erred in instructing the jury that under the terms of the contract appellant had the duty to see that the property here involved was insured.

The specific instruction objected to (the objection being to the third paragraph) reads as follows:

"Court's Instruction No. 2.

"Now you are instructed that the property involved in this case was sold to the defendant and that the terms and conditions of the sale are set out in the written 'Conditional Sale Contract' which was introduced into evidence.

"Now under the terms of this written 'Conditional Sale Contract' introduced into evidence, it is provided that the buyer elects to pay for insurance to cover the property purchased.

"And you are instructed that under the terms of this written 'Conditional Sale Contract' it was the duty of the plaintiff to see that the property involved here was covered by insurance.

"So, if you find hat the property was destroyed by fire at a time when the written 'Conditional Sale Contract' was still in force and effect, then the plaintiff cannot recover from the defendant and your verdict should be for the defendant."

On the face of the contract, boxed in the center, is the following clause:

"LIFE AND PROPERTY INSURANCE OPTION.

"Buyer elects to include in the time balance hereof, the cost of property protection insurance in accordance with B-W Acceptance Corporation's property protection plan and term life insurance for the stated term of the contract in the amount of the declining unpaid balance. Buyer designates the individual whose signature first appears below as the insured (said person being a natural person).

"NOT APPLICABLE UNLESS SIGNED.

/s/　Mrs. Jack L. Lawrence
/s/　Jack L. Lawrence

On the back of the contract under "Terms and Conditions" is the following:

"Buyer agrees: That no . . . loss, damage, injury or destruction of said property shall release Buyer from his obligations hereunder; to keep the property insured against fire, theft, and other casualty with the proceeds from such insurance payable to and protecting Seller or its assignee for not less than the total amount owing hereunder."

The holding in *Fort Smith Appliance & Service Co.* v. *Smith,* 218 Ark. 411, 236 S. W. 2d 583, is singularly apt here:

"In our opinion the contract is not so clear and free from ambiguity that the court could say what it meant as a matter of law. In a situation of this kind it must be left to a jury to determine what was the intention of the parties. Ordinarily it is the duty of the Court to construe a written contract and declare its meaning to a jury, but, where there is a latent ambiguity, parole evidence is admisible to explain the meaning of the parties, and then it is a question for the jury and should be submitted to a jury. *Walden* v. *Fallis,* 171 Ark. 11, 283 S. W. 17, 45 A. L. R. 1396; *Lutterloh* v. *Patterson,* 211 Ark. 814, 202 S. W. 2d 767; *Ellege* v. *Henderson,* 142 Ark. 421, 218 S. W. 831. Regardless of whether the ambiguity is patent or latent, if the intention of the parties is not clear it is a question for the jury. *Walden* v. *Fallis, supra.*"

The court properly instructed the jury under the facts here obtaining that they must determine whether the contract was in force and effect at the time the propery was destroyed by fire. However, the court should also have submitted to the jury the interpretation of the conflicting insurance clauses in the light of the attending circumstances of this case, if they found that the contract was in fact in effect. For this error it is necessary that the case be reversed and the cause remanded for new trial. It is so ordered.

Reversed and remanded.