## 43787. UNDERWOOD v. UNITED STATES FIDELITY & GUARANTY COMPANY.

BELL, Presiding Judge. Plaintiff brought this action on a homeowner's insurance policy to recover for loss occasioned by the sinking of a bridge which was part of the driveway serving his residence. The policy, which was established by stipulation of the parties, provided coverage against "all risks of physical loss" except specific exclusions. The case was tried before the court sitting without a jury. The evidence showed that plaintiff had purchased the insured property December 10, 1965, and moved into the house about a month later. During the intervening time the City of Atlanta cut the banks of the creek traversing the property and thus widened the creek on both sides of plaintiff's bridge. On February 13, 1966, during a weekend of heavy rain, plaintiff discovered that one end of the bridge had sunk overnight approximately a foot below the level of the abutting pavement. After plaintiff had completed the presentation of his evidence the court rendered judgment for defendant under Rule 41 (b) of the Civil Practice Act (Ga. L. 1966, pp. 609, 653; *Code Ann.* § 81A-141 (b). *Held:*

The judgment for defendant was demanded under the follow-

ing policy exclusion: "This policy does not insure against loss . . . (b) caused by, resulting from, contributed to or aggravated by any earth movement, including but not limited to . . . landslide, mudflow, earth sinking, rising or shifting. . ." Although the loss might have been incipiently caused by a human agency, it was at least "contributed to" within the exclusionary language, by an excepted natural agency. This court is bound to give full effect to plain and unambiguous terms of the policy. *Wolverine Ins. Co. v. Jack Jordan, Inc.,* 213 Ga. 299, 302 (99 SE2d 95); *State Farm &c. Ins. Co. v. Sewell,* 223 Ga. 31, 32 (153 SE2d 432); *Duckett v. Piedmont Southern Life Ins. Co.,* 118 Ga. App. 3 (162 SE2d 531).

*Judgment affirmed. Hall and Quillian, JJ., concur.*

ARGUED JULY 2, 1968—DECIDED NOVEMBER 26, 1968—
REHEARING DENIED DECEMBER 19, 1968.

*Peek, Whaley, Blackburn & Haldi, Glenville Haldi,* for appellant.

*Henning, Chambers & Mabry, G. T. Crichton, E. P. Chambers,* for appellee.