Lela Jean HUTCHESON, A Minor by Billy Dick
HUTCHESON, Her Father and Next Friend v.
Dean PACE and Cliffie PACE

5-5950                                    481 S.W. 2d 710

Opinion delivered June 26, 1972

*Jeff Duty,* for appellant.

*J. Wesley Sampler,* for appellee.

John A. Fogleman, Justice. Appellant contends that
the probate court erred in construing the will of Hannah
Hammack to deny her the proceeds of a bank account
of the testatrix. We agree with the trial court.

The pertinent parts of the will follow:

I bequeath to Lela Jean Hutcheson all of my house-

hold furniture, household equipment and personal effects of every nature. All the residue and remainder of my estate I will, devise and bequeath to Dean Pace and Cliffie Pace, either or survivor, * * *

I am not unmindful of the existence and welfare of others related to me by blood or marriage, but in view of the fact that my estate will be so very small, and my brother Dean and his wife Cliffie are assuming so much responsibility for my care during my old age, I feel obligated to make this disposition of my estate. The fact that I do not share my estate with others does not mean that I love them less, I am merely trying to carry out my reasonable obligations in view of my financial condition. In order to further simplify administration upon my estate I certify that I am a widow without descendants, * * *

Appellant states that the words "personal effects" have been construed to carry money and to pass choses in action and securities, citing 96 C.J.S. 185, Wills § 778. The same text, in an earlier passage, however, recites that the term has no fixed meaning and is to be interpreted in accordance with the context of the whole will, and may be thereby restricted with narrower limits, as when another specific or pecuniary legacy is given the same legatee or when more restricted words are joined to the general words. Our decisions are in accord with this latter language. In *Brandon v. Yeakle,* 66 Ark. 377, 50 S.W. 1004, we said that the phrase, without qualifying words, generally includes such tangible personal property as is worn or carried about the person, but, for the most part, in wills derives its meaning from the description of articles and classifications immediately preceding. Thus, when we look to the preceding words "household furniture" and "household equipment," we can come to no conclusion except that reached by the probate judge, i.e., that the testatrix did not intend to bequeath the bank account to appellant.

We do not agree with appellant that the words "of every nature" following the term "personal effects" have the effect of broadening the scope of the words to include the bank account. Appellant relies upon language in *El-*

*lege* v. *Henderson,* 142 Ark. 421, 218 S.W. 831, to the effect that the words "personal effects" are not limited as a matter of law to tangible property worn or carried on the person. Even though a contract of sale, rather than a will, was the instrument construed in that case, we do not perceive any real difference in the applicable rules of construction on that account. In *Ellege,* we held that, in construing these words, particular regard must be given to the connection in which they are used. We said that when the enumeration of a particular class is immediately coupled with the words "personal effects," these words must be applied to articles ejusdem generis with those specified in the preceding part of the sentence in which they are contained. Our holding in that case lends support to the judgment of the probate court, for we cannot conceive of a bank account being of the same kind, class or nature as household furniture and equipment.

If there were any doubt about the correctness of the probate judge's construction of the will, on the basis of the particular words, support could be found in the words "devise and bequeath" in the residuary clause in light of the fact that it is conceded that nothing except real estate would pass under the residuary clause if appellant's construction were accepted.

The judgment is affirmed.