## 54448. BROOME v. ALLSTATE INSURANCE COMPANY et al.

BANKE, Judge.

This is a case involving construction of a homeowner's insurance contract. The appellant's home was damaged when a portion of one of the foundation walls collapsed. He sued Allstate, his insurer, to collect for the loss, joining the seller and the contractor as co-defendants. The trial court granted summary judgment to Allstate, leaving the case pending against the other defendants, and this appeal followed.

Allstate engaged the services of an engineer to investigate the cause of the wall's collapse. His opinion was that water had leaked from a faulty swing joint connecting the plumbing system of the house to the public water supply at a point just outside the foundation. The water had saturated the earth, resulting in excessive pressure on the wall. He stated that he had no idea how long the water had been leaking.

The policy was an "all risks" policy covering the dwelling and its appurtenances "against all risks of physical loss to the property covered except as otherwise excluded or limited." One of the specified exclusions, No. 11, was for "loss caused by continuous or repeated seepage or leakage of water or steam from within a plumbing . . . system . . . which occurs over a period of weeks, months, or years." Allstate concedes that there is a fact issue as to the length of time over which the leakage had occurred. However, it contends that coverage was excluded under exclusions Nos. 1, 2, and 8 of the policy.

Exclusion No. 1 covers loss caused by: "(a) flood, surface water, waves, tidal water or tidal waves, overflow of streams or other bodies of water, or spray from any of the foregoing; (b) water which backs up through sewers or drains; or, (c) water below the surface of the ground including that which exerts pressure on or flows, seeps, or leaks through . . . foundations, walls, [or] basement . . ." Standing alone, subsection (c) would appear to apply to the situation at hand. However, reading it in conjunction with subsections (a) and (b), it is more reasonable to construe the exclusion as applying only to natural

flooding as opposed to flooding caused by artificial means.

"Any and all ambiguities in an insurance contract shall be construed most favorably toward the insured and most strongly against the insurer." *Pacific Indem. Co. v. Benson,* 122 Ga. App. 230, 231 (176 SE2d 668) (1970). This is particularly true where construction of an exemption or exclusion is at issue. See *Nationwide Mut. Fire Ins. Co. v. Collins,* 136 Ga. App. 671, 675 (222 SE2d 828) (1975).

The ambiguity as to whether subsection (c) applies to water from a plumbing system arises not only from the language of the exclusion as a whole, but also from the existence of exclusion No. 11, which applies *specifically* to seepage or leakage of water from a plumbing system. Under general rules of contract construction, a limited or specific provision will prevail over one that is more broadly inclusive. *Central Ga. &c. Corp. v. Ga. Power Co.,* 217 Ga. 171, 173 (121 SE2d 644) (1961). See 6 Encyclopedia Ga. Law, Contracts, § 64.

Accordingly, we find that exclusion No. 1 does not exclude recovery for the loss incurred by the appellant in this case. In doing so, we reach the same conclusion reached by other jurisdictions which have construed identical or similar provisions in homeowners' policies. See Cantanucci v. Reliance Ins. Co., 349 NYS2d 187, 190 (1973); Hartford Accident & Indemnity Co. v. Phelps, 294 S2d 362 (Fla. App., 1974); King v. Travelers Ins. Co., 84 N. M. 550 (505 P2d 1226) (1973).

Exclusion No. 2 applies to loss "caused by, resulting from, contributed to, or aggravated by any earth movement, including, but not limited to, earthquake, volcanic eruption, landslide, mudflow, earth sinking, rising, or shifting . . ." This language, even more clearly than that used in exclusion No. 1, has reference to a natural agency. See *Underwood v. U. S. Fidelity &c. Co.,* 118 Ga. App. 847 (165 SE2d 874) (1968). The loss suffered by the appellant was not caused by a natural agency.

Exclusion No. 8 applies to numerous contingencies, one of which is loss caused by "latent defect." This provision, standing alone, could easily be construed to cover the situation at hand. However, it is a general provision, whereas exclusion No. 11 is written for the specific purpose of dealing with leakage from a plumbing

system and is clearly intended *not* to exclude coverage where the leakage has occurred for only a short period of time. Under the principles of construction previously outlined, the conflict or ambiguity will be resolved in favor of the insured. It was error to grant summary judgment to the defendant. Accord, *Aetna Fire &c. Co. v. Crawley,* 132 Ga. App. 181 (207 SE2d 666) (1974).

*Judgment reversed. Shulman and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 15, 1977 — DECIDED NOVEMBER 23, 1977 — REHEARING DENIED DECEMBER 9, 1977 —

*Zachary & Segraves, Kenneth W. Carpenter,* for appellant.

*Savell, Williams, Cox & Angel, Elmer L. Nash, Henning, Chambers & Mabry, Rex Smith, Charles M. Lipman,* for appellees.