## STATE FARM INSURANCE COMPANIES
*v.* Thomas D. GILBERT

CA 81-96                                    621 S.W. 2d 880

Court of Appeals of Arkansas
Opinion delivered October 7, 1981

*Laser, Sharp & Huckabay, P.A.,* for appellant.

*Greg B. Brown,* for appellee.

LAWSON CLONINGER, Judge. The trial court directed a verdict for appellee Thomas D. Gilbert, the insured, under a homeowner's policy written by appellant State Farm Insurance Companies, on a finding that a policy provision excluding from coverage property damage caused directly or

indirectly from "earth movement" was patently ambiguous. The parties agree that the property damage was $4,900.

Appellant urges on this appeal that the trial court was in error in holding the exclusion ambiguous, and, even if the exclusion is ambiguous, the question should have been submitted to the jury.

We reverse the action of the trial court.

Following a period of rainfall a masonry retaining wall on appellee's property collapsed, throwing dirt, concrete and brick into appellee's back yard and swimming pool, causing extensive damage to the wall and the pool.

Appellant contended that the damage occurred when a large quantity of earth on the hill behind the retaining wall became dislodged, and denied recovery under the provision of its policy which provides:

> We do not cover loss resulting directly or indirectly from:
>
> . . . .
>
> 2. Earth movement. Direct loss by fire, explosion, theft, or breakage of glass or safety glazing materials resulting from earth movement is covered.

We are unaware of any Arkansas case which has considered the term "earth movement" in an insurance policy exclusionary clause, and consideration by the courts of other states has not been confined solely to "earth movement" In Stewart v. Preferred Fire Insurance Company, 477 Pac. 2d 966 (Kan. 1970), the exclusion provided " . . . for loss caused by, resulting from, contributed to or aggravated by any earth movement, including but not limited to earthquake, landslide, mud flow, earth sinking, rising or shifting; . . . " The Court found that the loss was caused by "earth sinking," and excluded, but stated in dicta that the term "earth movement" was not ambiguous, and when taken in its plain, ordinary and popular sense means any movement

of earth whether it be up, down or sideways.

In *Wyatt* v. *Northwestern Mutual Insurance Company,* 304 Fed. Supp. 781 (D.C. Minn. 1969), applying Minnesota law, it was held that a policy clause excluding the insurer from liability "for loss caused by, resulting from, contributed to or aggravated by any earth movement, including but not limited to earthquake, landslide, mud flow, earth sinking, rising or shifting," was designed and intended to exclude from coverage damage from natural causes such as earthquakes, landslides and mud flows. The Court subscribed to the view that as a matter of law the doctrine of *ejusdem generis* would limit the meaning of earth movement to mean the same general kind of peril as its companion words. It was held in *Gullett* v. *St. Paul Fire and Marine Insurance Company,* 446 Fed. 2d 1100 (7th Cir. 1971), applying Illinois law, that the jury could reasonably have found that the collapse of a retaining wall did not constitute, nor was it the result of, an earth movement within the meaning of a policy exclusion for loss caused by "earthquake, volcanic eruption, landslide, or other earth movement."

In *Wisconsin Builders, Inc.* v. *General Insurance Company of America,* 221 N.W. 2d 832 (Wis. 1974), the policy excluded loss covered by "earth movement, including but not limited to earthquake, volcanic eruption, landslide, ... " The trial court instructed the jury that earth movement means any movement of earth whether it be up, down, or sideways. The Supreme Court of Wisconsin held that the trial court left the jury with too broad a class of forces excludable under the policy; that the principle of *ejusdem generis* should apply; and the trial court should have properly instructed the jury as to the limitation of the term "earth movement."

In *Underwood* v. *U.S. Fidelity and Guaranty Company,* 165 S.E. 2d 874 (Ga. 1968), the city of Atlanta had widened the ditch on both sides of a bridge to insured's driveway. The bridge sank after a heavy rain and the Court denied recovery under a clause excluding damage caused by earth movement, including but not limited to landslide, mud flow,

earth sinking or shifting. The Court said, "Although the loss might have been incipiently caused by a human agency, it was at least 'contributed to' within the exclusionary language, by an excepted natural agency. This Court is bound to give full effect to plain and unambiguous terms of the policy . . ."

Unlike the exclusionary clauses considered in the case decided above, in the clause before this Court the term "earth movement" stands alone without limiting words. Only *Stewart* v. *Preferred Fire Insurance Company, supra,* and *Underwood* v. *U.S. Fidelity and Guaranty Company, supra,* may be said to rule that the term "earth movement" was not ambiguous. In the other cases, consideration was given to the limiting words employed, but the appellant here has cited no case in which a court struck, as a matter of law, the exclusionary clause from the policy. In *Wyatt* v. *Northwestern Mutual Insurance Company, supra,* and *Wisconsin Builders, Inc.* v. *General Insurance Company of America, supra,* "earth movement" was limited by accompanying words, and in *Gullett* v. *St. Paul Fire and Marine Insurance Company, supra,* there was found to be a factual question for the jury to determine.

The term "patently ambiguous" has been used sparingly by the Arkansas Supreme Court, and appellant has cited no case in which the term has been decisive. It is alluded to, but not employed, in the early case of *Dorr* v. *School District No. 26,* 40 Ark. 237 (1882). In *Dorr* the Court gave an example of a patent ambiguity "as, if a promissory note should omit to mention the sum to be paid; or a testator should leave a legacy to one of the sons of J. S., he having several sons." The Court observed that in such cases the defect is incurable. If it is obvious, on its face, that a provision in an instrument or an agreement is incomplete and meaningless unless words could be added, there is patent ambiguity. The term "earth movement" is certainly not in that category. In both *The Travelers Indemnity Company* v. *Hyde,* 232 Ark. 1020, 342 S.W. 2d 295 (1961) and in *Milwaukee Insurance Company* v. *Wade,* 238 Ark. 565, 383 S.W. 2d 105 (1964) the Court used the word "ambiguous" in describing a term in an insurance policy, and in

each case the Court held that when the term used is ambiguous a factual question for the jury is presented. Again, in *Swift* v. *Lovegrove*, 237 Ark. 43, 371 S.W. 2d 129 (1963), the Court ruled that "it is equally well settled that an ambiguous contract is subject to interpretation and its meaning is a question of fact for the jury and should be submitted to a jury." Words used in insurance policies are to be taken and understood in their plain, ordinary, and usual sense. *Hart* v. *MFA Insurance Company*, 268 Ark. 857, 597 S.W. 2d 105 (Ark. App. 1980).

Whether the loss in this case was occasioned by an "earth movement" was a factual question for the jury.

Reversed and remanded.

GLAZE, J., not participating.