PIZZA HUT OF AMERICA, INC. and Edward Lee McDonald *v.* WEST GENERAL INSURANCE CO.

CA 91-194                                                816 S.W.2d 638

Court of Appeals of Arkansas
Division I
Opinion delivered October 16, 1991

*Shackleford, Shackleford & Phillips, P.A.*, for appellant.

*Michael R. Landers*, for appellee.

MELVIN MAYFIELD, Judge. In this appeal, appellee, West General Insurance Company, an automobile liability insurer, sought declaratory judgment as to its liability, if any, under a personal automobile insurance policy it issued to appellant Edward Lee McDonald. The circuit judge determined that the language used in the policy was not ambiguous and excluded coverage for appellant's accident. We disagree with this finding and reverse and remand.

Appellant McDonald was employed by appellant Pizza Hut of America, Inc., to perform various duties, including delivering pizzas in his personal automobile. While McDonald was in the process of delivering a pizza for Pizza Hut, he was involved in a collision with an automobile being driven by Michael Hearnsberger. McDonald was insured by a policy issued by appellee, which contained the following exclusionary language: "We do not provide liability coverage for any person for that person's

liability arising out of the ownership or operation of a vehicle while it is being used to carry persons or property for a fee." Appellee contended the exclusionary language under the policy precluded coverage for McDonald's accident and filed a declaratory judgment action. After hearing testimony, the circuit judge issued a letter opinion in which he held the exclusionary language contained in the policy was not ambiguous and that it excluded coverage for McDonald's accident.

█ Under Arkansas law, the intent to exclude coverage in an insurance policy should be expressed in clear and unambiguous language, and an insurance policy, having been drafted by the insurer without consultation with the insured, is to be interpreted and construed liberally in favor of the insured and strictly against the insurer. *Baskette* v. *Union Life Ins. Co.*, 9 Ark. App. 34, 36, 652 S.W.2d 635, 637 (1983). *See also Gregg Burial Ass'n* v. *Emerson*, 289 Ark. 47, 49, 709 S.W.2d 401, 403 (1986). If the language in a policy is ambiguous, or there is doubt or uncertainty as to its meaning and it is fairly susceptible of two or more interpretations, one favorable to the insured and the other favorable to the insurer, the one favorable to the insured will be adopted. *Drummond Citizens Ins. Co.* v. *Sergeant*, 266 Ark. 611, 620, 588 S.W.2d 419, 423 (1979). *See also Farm Bureau Mutual Ins. Co.* v. *Milburn*, 269 Ark. 384, 387, 601 S.W.2d 841, 842 (1980).

In the case at bar, appellants argue the use of the word "fee" in the policy's exclusionary clause is ambiguous. Appellants contend there are numerous definitions for the word "fee" and that a salaried employee delivering a pizza as a part of his duties and receiving no additional compensation for making such deliveries, is not necessarily carrying property for a fee.

The *Random House Dictionary of the English Language* 706 (2nd ed. 1987) defines the word "fee" as: "1. a charge or payment for professional services: *a doctor's fee.* 2. a sum paid or charged for a privilege: *an admission fee.* 3. a charge allowed by law for the service of a public officer. . . . 5. a gratuity; tip . . ." Definitions for the word "fee" included in *The American Heritage Dictionary* 495 (2nd ed. 1985) are: a fixed charge, a charge for a professional service, and a tip or gratuity. *Black's Law Dictionary* 553 (5th ed. 1979) defines "fee" as follows:

A charge fixed by law for services of public officers or for use of a privilege under control of government. *Fort Smith Gas Co.* v. *Wiseman*, 189 Ark. 675, 74 S.W.2d 789, 790. A recompense for an official or professional service or a charge or emolument or compensation for a particular act or service. A fixed charge or perquisite charged as recompense for labor; reward, compensation, or wage given to a person for performance of services or something done or to be done.

Although there is very little case law construing the word "fee," two courts' interpretations of similar exclusionary language support appellants' argument. In *First Georgia Insurance Co.* v. *Goodrum*, 187 Ga. App. 314, 370 S.E.2d 162 (1988), a vehicle being driven by the insured, Ms. Goodrum, was involved in a collision while she was driving kettle workers to their job site as part of her employment duties with the Salvation Army for which she was paid mileage in addition to her regular salary. The policy contained the following exclusion: " 'We do not provide Uninsured Motorists Coverage for property damage or bodily injury sustained by any person: . . . (3) When your covered auto is being used to carry persons or property for a fee.' " 370 S.E.2d at 163. The appellant insurer asserted this exclusion as a defense to the claim made under the policy. The court found this provision was ambiguous as to whether it applied to a situation where an employee was being paid by her employer to drive other employees and, therefore, construed the policy to provide coverage.

The Tennessee appellate court also found coverage existed in a situation similar to the case at bar. *See United Services Automobile Ass'n* v. *Couch*, 643 S.W.2d 668 (Tenn. Ct. App. 1982). In this case, the appellant liability insurer sought a declaratory judgment as to its liability, if any, under a policy it issued, which stated: " 'We do not provide Liability Coverage . . . for any person's liability arising out of the ownership or operation of a vehicle while it is being used to carry persons or property for a fee. This exclusion does not apply to a share-the-expense car pool.' " 643 S.W.2d at 669. At the time of the accident, appellee William Couch was delivering a pizza for his employer, B & L Pizza Palace. Couch was a "part-time" employee, and his duties included general help around the kitchen, cleaning, and delivering pizzas. In finding the policy

provision did not exclude coverage, the court stated:

> The evidence shows that, on some deliveries, a "delivery charge" was added to the price of the merchandise delivered. However, such delivery charge inured to the benefit of the employer and not to the additional insured. It is not considered that a delivery charge added to the price of the article delivered amounted to using the vehicle for transportation of property for a fee. Therefore, this Court would not sustain the exclusion claimed in the second issue.

643 S.W.2d at 672.

The initial determination of the existence of an ambiguity rests with the court, and if ambiguity exists, then parol evidence is admissible and the meaning of the ambiguous term becomes a question for the fact finder. *C & A Constr. Co.* v. *Benning Constr. Co.*, 256 Ark. 621, 622, 509 S.W.2d 302, 303 (1974); *Don Gilstrap Builders, Inc.* v. *Jackson*, 269 Ark. 876, 878, 601 S.W.2d 270, 271 (Ark. App. 1980). In the instant case, we find that the word "fee" used in the appellee's insurance policy is ambiguous, and the trial judge erred in holding to the contrary.

In *Fort Smith Appliance & Service Co.* v. *Smith*, 218 Ark. 411, 236 S.W.2d 583 (1951), the Arkansas Supreme Court said:

> In the above instruction the court told the jury that, as a matter of law, for the time stated, the merchandise was on consignment. In our opinion the contract is not so clear and free of ambiguity that the court could say what it meant as a matter of law. In a situation of this kind it must be left to a jury to determine what was the intention of the parties. Ordinarily it is the duty of the Court to construe a written contract and declare its meaning to a jury, but, where there is a latent ambiguity, parole [sic] evidence is admissible to explain the meaning of the parties, and then it is a question for the jury and should be submitted to a jury. Regardless of whether the ambiguity is patent or latent, if the intention of the parties is not clear it is a question for the jury.

218 Ark. at 414, 236 S.W.2d at 585 (citations omitted). The case was remanded for a new trial.

In *Tribble* v. *Lawrence*, 239 Ark. 1157, 396 S.W.2d 934 (1965), a washing machine was purchased under a conditional sale contract. The face of the contract provided that the buyer elected "to include in the time balance hereof, the cost of property protection insurance. . . ." But the back of the contract provided that the buyer agreed "to keep the property insured . . . with the proceeds from such insurance payable to and protecting Seller. . . ." The trial court instructed the jury that under the contract, if it was in force and effect at the time the washing machine was destroyed by fire, it was the buyer's duty to see that the machine was covered by insurance. The Arkansas Supreme Court said:

> The court properly instructed the jury under the facts here obtaining that they must determine whether the contract was in force and effect at the time the property was destroyed by fire. However, the court should also have submitted to the jury the interpretation of the conflicting insurance clauses in the light of the attending circumstances of this case, if they found that the contract was in fact in effect. For this error it is necessary that the case be reversed and the cause remanded for new trial. It is so ordered.

239 Ark. at 1160, 396 S.W.2d at 936.

In *State Farm Insurance Companies* v. *Gilbert*, 3 Ark. App. 52, 621 S.W.2d 880 (1981), the trial court directed a verdict against the insurance company on a finding that the term "earth movement" in the insurance policy was "patently ambiguous." On appeal, we held that when a term in a contract is ambiguous a factual question for the jury is presented. Therefore, we said: "Whether the loss in this case was occasioned by an 'earth movement' was a factual question for the jury." 3 Ark. App. at 56, 621 S.W.2d at 882. The case was reversed and remanded.

■■ Thus, in the case at bar, the court erred in finding that the exclusionary language in the policy was not ambiguous. We do not, however, decide in this appeal the issue of whether the policy excluded coverage for appellant McDonald's accident. That is an issue for the fact finder to decide. This suit was brought by the insurance company, seeking a declaratory judgment. When a declaratory judgment proceeding involves the determi-

nation of an issue of fact, the issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending. Ark. Code Ann. § 16-111-107 (1987).

Reversed and remanded for a new trial.

ROGERS and DANIELSON, JJ., agree.