Milton A. FRIEDRICH, Appellant,

v.

Mike MOKE, Appellee.

No. 13037.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 14, 1956.

Rehearing Denied Dec. 12, 1956.

Henry Lee Taylor, San Antonio, for appellant.

Wolff & Wolff, San Antonio, for appellee.

NORVELL, Justice.

This is an appeal from a decree ordering the specific performance of a contract for the sale of real estate. The controlling question is whether or not the contracting parties had ever reached a final agreement as to essential terms. The property involved is .156 of an acre out of Lot 3, Block 16, New City Block 8988, San Antonio, Texas, owned by the appellant, Milton A. Friedrich.

The memorandum consisted of an "Earnest Receipt" printed form in which was typed the following paragraph:

"As part of the consideration for the sale of the above described property the purchaser (Mike Moke) agrees to give to the seller, his heirs or assigns, a lease for sign on top of present building or any other building hereafter placed on said property owned by purchaser on corner of Acme Road and U. S. Highway 90, for a period of 30 years, said space to be unobstructed as far as view is concerned from said two mentioned roads. The rental to be paid purchaser is $25.00 annually for said lease. Possession to be delivered when sign is removed from property being sold, same to be removed within time as provided in sign lease now on property."

By the terms of the written agreement, the lease contract upon the Moke property at the corner of Acme Road and U. S. Highway No. 90, was made a part of the consideration for the sale of the Friedrich property to Moke. While the terms of this clause are brief, the exact question before

us is not so much one of certainty of provision, 49 Am.Jur. 38, Specific Performance, § 25, as it is one of the intention of the parties. Did they intend the written memorandum to be the completed contract of the parties, or did they contemplate that the memorandum plus a lease agreement to be prepared in the future should constitute their contract? The exact provision is that "purchaser agrees to give to seller, his heirs or assigns, a lease for sign on top of present building or other building hereafter placed on said property owned by purchaser * * *." It is clear that the amount of the annual rental and terms of the lease were fixed by the terms of the memorandum, and that it was the intention of the parties that these provisions should be carried over and placed in the lease to be prepared. However, the memorandum is silent as to the size, nature and construction of the "sign" to be placed upon Moke's building. The trial court in its decree recited that Friedrich had a sign on the premises which he was selling to Moke, "the dimensions of such sign being 23′ 11.2″ by 14′ 3.2″, and that the parties contemplated the moving of said sign onto and on top of the building owned by (Moke) on the corner of Acme Road and U. S. Highway 90, * * *" and decreed that the lease agreement ordered specifically performed as a part of the contract of sale should cover a sign "comparable with one now on the (Friedrich) premises * * * as to size, design and weight."

It is necessary to go outside the written memorandum in order to supply details to complete the lease agreement. 40 Am.Jur. 36, Specific Performance, § 23. This is obviously true as to details such as the size and structure of the sign. When we examine the evidence surrounding the transaction in order to obtain the meaning and intention of the parties, it appears that they did not intend that the written memorandum should constitute the entire agreement, but that additional terms should be agreed upon by them. These additional provisions were never settled and hence the entire contract was never consummated.

It is a well settled proposition that a litigant cannot recover upon a theory based upon facts which he himself swears are untrue. Mahoney v. Mahoney, Tex.Civ. App., 103 S.W.2d 459, wr. ref.; Westbrook v. Landa, Tex.Civ.App., 160 S.W.2d 232; United States Fidelity & Guaranty Co. v. Carr, Tex.Civ.App., 242 S.W.2d 224, wr. ref.; Annotations, 80 A.L.R. 626. As to the lease agreement, Mr. Moke testified that at the time the Earnest Receipt was executed he talked to Mr. Friedrich about "drawing the lease on the contract on the sign"; that Mr. Friedrich said he wanted his attorney to draw the instrument, and that when it was ready he would submit it for Mr. Moke's approval. Appellee testified that he then told Mr. Friedrich to go ahead and have the lease drawn up. It seems this lease was not prepared and the parties had some communications about cancelling the contract of sale, but after some time, as Mr. Moke expressed it, the parties "started negotiating again," and Mr. Friedrich produced a proposed form of lease and told appellee to "go over it and see what you thing of it." Mr. Moke took this form of lease to his lawyer who advised him not to sign it, and prepared another form of lease to be submitted to Mr. Friedrich.

It appears that the parties never arrived at an agreement as to the provisions the sign lease should contain, and as a result no lease for sign purposes was ever executed by the parties.

It is a well recognized general rule that where "some of the essential terms of a contract are left for the future determination or agreement of the parties themselves, the contract is considered not to be certain and complete within the rule requiring certainty and definiteness as a condition of the specific performance of a contract." 49 Am.Jur. 37, Specific Performance, § 24. In our opinion the testimony not only of the

appellant but of appellee as well, disclosed that the parties contemplated a further agreement between the parties as to a sign rental lease covering Mr. Moke's property. The proposed agreement was never made, and as it went to the consideration and hence the essence of the contract of sale, such contract was not subject to specific performance.

The decree of the district court is reversed and judgment here rendered that appellee take nothing. Rule 434, Texas Rules of Civil Procedure.

Reversed and rendered.