Muscle Shoals Airport Authority ("the Authority") filed this declaratory judgment action against Muscle Shoals Aviation, Inc. *Page 226 
("Aviation"), in the Circuit Court of Colbert County, asking for a declaration that a renewal option in a 1966 lease agreement (that option appearing as paragraph F of a November 8, 1966, addendum to the lease) was unenforceable. The trial court entered a judgment declaring the renewal option unenforceable because of "vagueness" and "uncertainty." Aviation appeals from this judgment. We affirm.
The facts herein are not disputed. In March 1966, Aviation entered into a 20-year lease with the Authority to operate a "fixed base operation" at the Muscle Shoals Airport in Muscle Shoals, Alabama. In November 1966, the renewal clause here in question was added to the lease. It provides as follows:
 "F. The Lessor [the Authority] gives to the Lessee [Aviation] an express option of renewal of the Contract at the end of the term hereof with the rate of rental and other terms and conditions to be negotiated."
Prior to the expiration of the lease, Aviation notified the Authority of its intent to exercise the renewal option. The Authority, by letter dated December 31, 1985, acknowledged Aviation's intention to renew the lease and in response submitted a proposed lease agreement for Aviation's acceptance by January 14, 1986. Upon receipt of the Authority's proposal, Aviation requested a meeting to negotiate the terms of the proposed lease, and indicated that it would consider legal recourse to enforce its rights under the 1966 lease if the Authority failed to "fully" and "fairly" negotiate the terms of the proposed lease agreement. Dr. James Crowder, who subsequently was allowed to intervene as a plaintiff, and General Aviation, Inc. (a "fixed base operator"), also threatened suit if the Authority did not award the lease pursuant to the Alabama Public Bid Laws, § 41-16-24, Code 1975. The Authority filed this declaratory judgment action to determine the enforceability of the renewal provision.
The general rule, as followed by a majority of the states, is stated in 50 Am.Jur.2d Landlord and Tenant, § 1158 (1970):
 "[T]he provision for a renewal or extension must be certain in order to render it binding and enforceable; indefiniteness, vagueness, and uncertainty in the terms of such a provision will render it void unless the parties by their subsequent conduct or acts supplement the covenant and thus remove an alleged uncertainty. The certainty that is required is such as will enable a court to determine what has been agreed upon. A covenant to renew or extend upon such terms as may be agreed upon is void for uncertainty. . . ."
The general rule, as expressed above, was enunciated inPhipps v. Storey, 269 Ark. 886, 601 S.W.2d 249 (1980), and in the following cases:
 "In Keating v. Michael, 154 Ark. 267, 242 S.W. 563 (1922), the Arkansas Supreme Court stated:
 " 'A covenant to renew upon such terms as may be agreed upon is void for uncertainty . . . No provision was fixed in the contract, except such rental value as the parties might agree upon. They might never agree and so the case falls squarely within the general rule announced above, and the contract is too uncertain and indefinite to be enforced'
 "Likewise in Hatch v. Scott, Adm'x., 210 Ark. 665, 197 S.W.2d 559 (1946), the court determined:
 " 'A covenant to renew upon such terms as may be agreed upon is void for uncertainty. It is nothing more than an agreement to make an agreement.' "
In Clanton v. Bains Oil Co., 417 So.2d 149
(Ala. 1982), Justice Jones wrote that "elementary to contract principles is the axiom that 'agreements to later agree are not enforceable.' " See Cowin v. Salmon, 244 Ala. 285,13 So.2d 190 (1943.) Furthermore, in Parker ChiropracticResearch Foundation v. Fairmont Dallas Hotel Co.,500 S.W.2d 196 (Tex.Civ.App. 1973), Chief Justice Williams set out several "well defined and settled principles" of law regarding the remedy of specific performance, including the following principle: *Page 227 
 "An agreement to make a future contract must be definite and certain upon all the subjects to be embraced in such future agreement. Thus, to be enforceable, a contract to enter into a future contract must specify all its material and essential terms, and leave none to be agreed upon as a result of future negotiations. Where a preliminary contract leaves certain terms to be agreed upon for the purpose of a final contract, there can be no implication of what the parties will agree upon. Radford v. McNeny, 129 Tex. 568, 104 S.W.2d 472 (1937); Page Wirtz Construction Co. v. Van Doran Bri-Tico Co., 432 S.W.2d 731 (Tex.Civ.App., Amarillo, 1968, writ red'd n.r.e.); Friedrich v. Moke, 296 S.W.2d 565 (Tex.Civ.App., San Antonio, 1956, writ red'd n.r.e.)."
In Radford v. McNeny, supra, the Texas Commission of Appeals wrote:
 "The general rule is: ' * * * unless an agreement to make a future contract be definite and certain upon all the subjects to be embraced, it is nugatory. "A contract between two persons, upon a valid consideration, that they will at some specified time in the future, at the election of one of them, enter into a particular contract, specifying its terms, is undoubtedly binding, and, upon a breach thereof, the party having the election or option may recover as damages what such particular contract to be entered into would have been worth to him, if made. But an agreement that they will in the future make such contract as they may then agree upon amounts to nothing. An agreement to enter into negotiations, and agree upon the terms of a contract, if they can, cannot be made the basis of a cause of action. There would be no way by which the court could determine what sort of a contract the negotiations would result in, no rule by which the court could ascertain whether any, or, if so, what damages might follow a refusal to enter into such future contract. So, to be enforceable, a contract to enter into a future contract must specify all its material and essential terms, and leave none to be agreed upon as the result of future negotiations. * * * Where a final contract fails to express some matter, as, for instance, a time of payment, the law may imply the intention of the parties, but, where a preliminary contract leaves certain terms to be agreed upon for the purpose of a final contract, there can be no implication of what the parties will agree upon." Shepard v. Carpenter, 54 Minn. 153, 55 N.W. 906.' St. Louis S.F.R. Co. v. Gorman, 79 Kan. 643, 100 P. 647, 649, 28 L.R.A. (N.S.) 642, 643. See, also, 6 R.C.L. pp. 616, 617; 10 Tex.Jur. p. 176; Yerion v. Allison (Tex.Civ.App.) 242 S.W. 270; Joseph v. Bostick
(Tex.Com.App.) 276 S.W. 672."
Aviation contends that the specific terms were not set out in the 1966 addendum because they were unascertainable at that time and argues, therefore, that reasonable terms should be inferred. Aviation further asserts that the renewal provision was incorporated in the agreement to insure that Aviation had the exclusive option to renew at the expiration of the initial lease period.
In support of this argument Aviation relies upon Slade v.City of Lexington, 141 Ky. 214, 132 S.W. 404 (1910), which appears to set out a rule contrary to the rule followed by the majority of the states. Alabama follows the majority rule and we are not persuaded that we should adopt the rule enunciated in Slade in the event that Slade cannot be distinguished from the case at issue.
The renewal provision in the case at issue leaves everything pertaining to the renewal open for determination by the parties' future negotiations. That is to say, they must agree on not only the amount of rent to be paid, but upon such conditions, covenants, and limitations as are acceptable to both parties. Renewal agreements much more specific than this one, in that they leave only the renewal rental to be fixed by future agreement between the parties, have generally been held unenforceable and void for uncertainty and indefiniteness. SeeEdgewater Enterprises, Inc. v. Holler, 426 So.2d 980
(Fla.Dist.Ct.App. 1982); Giglio v. Saia, 140 Miss. 769,106 So. 513 (1926); Phipps, supra. *Page 228 
It is fundamental that courts will not enforce a contract which is vague, indefinite, or uncertain. It is not the province of the court to make or remake a contract for the parties. Cotton States Mut. Ins. Co. v. Conner,387 So.2d 125 (Ala. 1980). In order to be enforceable, a contract to enter into a future contract must be definite and certain in all of its terms and conditions so that the court can know what the parties have agreed upon. Radford, supra. Since there was no specificity as to the terms and conditions of the lease to be made, we hold the renewal provision void for uncertainty and therefore unenforceable.
Aviation further contends that the Authority should be estopped from denying the enforceability of the renewal provision because of the Authority's letter of December 31, 1985. Alford v. City of Gadsden, 349 So.2d 1132
(Ala. 1977). We do not agree.
The Authority had no legal obligation to renew Aviation's lease; however, the Authority, by its letter dated December 31, 1985, offered a proposed lease agreement for Aviation's acceptance. Aviation did not accept the Authority's offer. Therefore, this contention is without merit. The judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.