In June 1995, Larry D. Alexander sued Petroleum Installation Company, Inc. ("Petroleum") and Jeffrey W. Rhemann, its president and principal shareholder, alleging breach of an oral contract to convey real property and seeking specific performance of the agreement to convey the property and seeking damages for mental anguish. Alexander also sued Scott Shelley, alleging interference with contractual relations, and seeking damages. Petroleum and Shelley answered, raising the Statute of Frauds, Ala. Code 1975, § 8-9-2, as an affirmative defense. Petroleum and Shelley also counterclaimed for ejectment, trespass, conversion, slander of title, and interference with contractual relations, seeking compensatory and punitive damages.
Petroleum and Shelley, and Alexander each filed a summary judgment motion. The trial court entered a summary judgment for Petroleum and Shelley on all of Alexander's claims, and on all of their counterclaims. The trial court also ordered Alexander to surrender possession of the property. The trial court reserved, pending appeal, the issue of damages for Alexander's wrongful possession of the property and the issue of damages pursuant to the Alabama Litigation Accountability Act, Ala. Code 1975, § 12-19-271, et seq. for filing a frivolous lawsuit and made its order final pursuant to Rule 54(b), Ala. R. Civ. P.
Alexander appealed to the supreme court, which transferred the case to this court pursuant to Ala. Code 1975, § 12-2-7(6). Alexander argues that the trial court erred by entering the summary judgment for Petroleum and Shelley on all his claims. Alexander did not raise the issue whether the trial court properly entered the summary judgment for Petroleum and Shelley on their claims. A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. See West v. Founders Life AssuranceCo. of Florida, 547 So.2d 870 (Ala. 1989), and Bass v.SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala. 1989), for a discussion of the application of this rule.
The undisputed facts are as follows: Petroleum's main office is in Jackson, Mississippi. Petroleum opened an office in Mobile and hired Alexander to be the general manager of the Mobile office. Shelley was later *Page 31 
hired to also work in the Mobile office. Alexander had previously been employed at the Jackson office. When Petroleum opened the office in Mobile, it purchased the property that is the subject of this case, and Rhemann is the record owner of fee simple title to the property. Petroleum provided Alexander with housing in Jackson and on the subject property as part of his compensation. The property includes the house provided to Alexander, and five mobile homes.
Petroleum closed the Mobile office and offered Alexander and Shelley employment in Jackson. Alexander decided to open his own business in Mobile. Rhemann sent a real estate purchase agreement to sell the property to Alexander. Alexander did not sign the agreement; however, he requested several changes to the terms, made several notations on the agreement, and returned the agreement to Rhemann. Rhemann then entered into an agreement to sell the property to Shelley, and Rhemann's attorney sent a letter asking Alexander to vacate the property. Alexander then filed his lawsuit, and Petroleum and Shelley filed their counterclaims.
Alexander argues that he and Rhemann entered an oral agreement for Alexander to purchase the property and that they agreed upon the terms of the purchase. Rhemann denies entering any oral agreement and contends that the real estate purchase agreement that he sent to Alexander is the only offer he made to Alexander. Petroleum and Shelley contend that any such oral agreement would not be an enforceable contract, but would violate the Statute of Frauds.
We determine that the dispositive issue is whether Alexander and Rhemann entered into an enforceable oral agreement. Alexander described the oral agreement in his complaint as follows:
 "Alexander, Petroleum, and Rhemann entered into a verbal agreement whereby the equity in the . . . real and personal property would be given to Alexander as a bonus if Petroleum's newly opened branch office in Mobile achieved its projected income goals under Alexander's management and, in the event that it did not achieve said goals, Petroleum and Rhemann would sell the property to Alexander for the amount that Rhemann had paid for the down payment."
Alexander further described the oral agreement in his affidavit, as follows:
 "[Rhemann and Petroleum] entered into a verbal agreement with me to sell the property to me at such time as I requested. The consideration for my purchasing the property was that (1) I was to repay both the initial expenses and any subsequent expenses which [Rhemann and Petroleum] incurred in purchasing the property and (2) I was to assume or otherwise pay the balance due, if any, on the mortgage debt. An integral part of that agreement was that I was to manage the property, including the rental, maintenance and the payment of the operating expenses and mortgage payments from the rental income, without compensation. [Rhemann] also agreed that, if the new branch in Mobile were profitable enough, he and [Petroleum] would give me the equity in the property as a bonus. No criteria was ever established, however, for the degree of profitability required to be entitled to such bonus and no claim is made that the payment of such bonus is a legal right."
We agree with Petroleum and Shelley that the oral agreement Alexander alleges he and Rhemann made is an agreement to make a future agreement, which is not an enforceable contract. Our supreme court has consistently held that "agreements to later agree are not enforceable." Clanton v. Bains Oil Co.,417 So.2d 149, 151 (Ala. 1982). See also Cowin v. Salmon, 244 Ala. 285,13 So.2d 190 (1943). Our supreme court has further held that "[i]n order to be enforceable, a contract to enter into a future contract must be definite in all of its terms and conditions so that the court can know what the parties have agreed upon."Muscle Shoals Aviation, Inc. v. Muscle Shoals AirportAuthority, 508 So.2d 225, 228 (Ala. 1987). The oral agreement in this case has several indefinite terms, including the date of the future real estate sales contract, as well as the specific contingencies that must occur before the parties are required to execute the future contract. Therefore, the trial *Page 32 
court properly entered the summary judgment for Petroleum and Shelley on Alexander's breach of contract claim, his specific performance claim, and his interference-with-contractual-relations claim, because no enforceable contract existed between Petroleum and Alexander. We affirm the judgment of the trial court.
AFFIRMED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.